No. 849

First Circuit

---

## BAILEY ET AL. v. DEMOURELLE

---

(June 30, 1931. Opinion and Decree.)

---

J. M. Blache, Jr., of Hammond, attorney for plaintiff, appellee.

Rownd & Warner, of Hammond, and Fred A. Blanche, of Baton Rouge, attorneys for defendant, appellant.

MOUTON, J. The above-entitled suits were consolidated for trial instituted for the recovery of damages which resulted from the collision of a Ford coupe and a Buick car which occurred in July, 1929, in Tangipahoa parish, at a point on the Hammond-Covington highway, known as Roberts. At or about that point a public road running north and south intersects that highway.

Demourelle was driving the Buick westward from Covington towards Hammond, and Corrie Bailey was driving the Ford in

the direction of Roberts, northward towards the intersection. Mrs. Agnes Bailey was injured in the collision, so was Claude Eastman, minor son of plaintiff Loran O. Eastman. Both of these plaintiffs recovered judgment against defendant.

Corrie Bailey, the other plaintiff, has been eliminated from the case.

Before proceeding to a discussion of the merits, we must dispose of a motion to remand the case made by defendant.

The note of evidence shows that, by agreement between counsel, the testimony of Bill Godcheaux and J. B. Breeland, witnesses for defendant, and I. J. Camp, a witness for plaintiff, was to be taken by deposition at a later date to be agreed upon by counsel. A footnote of the stenographer says: "Testimony closes other than the witnesses agreed upon by counsel at the beginning."

Counsel for defendant say that the evidence was not completed by taking the deposition of these witnesses as agreed, and for that reason the case should be remanded. Counsel for plaintiff contend that attorneys for defendant abandoned this right to have the testimony of these witnesses taken before the submission of the cause for decision. This is denied by counsel for defendant.

The minutes of the court say that the two cases referred to were previously tried and submitted, were again taken up, and that judgment had been rendered therein in favor of plaintiffs and against defendant.

The judgment of the court says: "This cause having been previously tried, argued and submitted and by the Court taken under advisement was again taken up by the Court," etc., and therefore not only conforms with the minute entry, but goes a bit further by using the additional words "and argued."

In such a situation as this, we should be guided by the minute entry and the judgment of the court, and must presume that the reservation noted to have the deposition of these witnesses taken at a later date was abandoned.

When testifying in the case, Corrie Bailey was asked if some witnesses had not said immediately after the accident that defendant, Demourelle, was at fault in the collision. Bailey answered that Breeland, Bill Godcheaux, and I. J. Camp had made that statement. Godcheaux and Breeland were the two witnesses in reference to whom defendant had made the reservation on the note of evidence.

The statement of these two witnesses charging defendant with negligence, as testified to by Corrie Bailey, probably accounts for the abandonment of the right reserved for their subsequent deposition, which, however, independent of that fact, we must presume from the minute entry and the judgment of the court to have occurred as hereinabove stated.

### MERITS

Corrie Bailey, the record shows, was driving a Ford coupe, and with him, his mother, Mrs. Agnes Bailey, was sitting to his right on the front seat, and on her right was Claude Eastman, minor son of Loran O. Eastman, the other plaintiff, the nephew of the driver and grandson of Mrs. Agnes Bailey.

He was driving northward on the gravel road that crosses the Hammond-Covington highway near Roberts. It appears that near the intersection, on the east side of this gravelled road, there is a store and other obstructions which makes it almost

impossible to see a car coming from Covington on the Hammond-Covington highway.

Corrie Bailey says it would be hardly possible for a driver going northward towards that intersection, upon approaching it, to see an auto coming from Covington, the direction from which defendant, Demourelle, was driving at the time. Several other witnesses testified to the same effect on that subject.

Corrie Bailey says he slackened his speed or slowed down when he got to the intersection. He did not, however, stop, and entered the intersection at a speed of about 15 miles an hour. He says after entering the intersection, he did not look eastward, that when he was about 3 feet from the northern line of the Hammond-Covington highway, and had about negotiated that highway, the Buick defendant was driving struck the rear end of his car, throwing out its three occupants.

Defendant, who was traveling on the Hammond highway, had the right of way, and it was incumbent upon Corrie Bailey, in entering the intersection, to look eastward before attempting to go across. In failing so to do he was at fault, and which, we presume, accounts for his failure to appeal.

Reference is made to Corrie Bailey, although his case is not under review in this court, because, if defendant was also at fault, they were joint tort-feasors; defendant for that reason being liable in damages to plaintiffs if they were the guests of Bailey, and were not chargeable with negligence of their own.

Several witnesses said that, before reaching the intersection, defendant was traveling at 45 miles an hour, one said at 50, It is shown that defendant's car went 150 feet from where it had struck plaintiff's car before coming to a stop. Defendant said he had, on approaching the intersection, slowed his speed to 15 miles an hour. He had stated that he had seen Bailey's Ford as it was entering the intersection, or a little before, and was asked the pertinent question, Why, if that was the case, he had not stopped his car before he ran into the other car? His answer was, that he could not, which, we must say, is not at all satisfactory. If he had been going at 15 miles an hour when he entered the crossing, after he collided with the other auto, his car would not have gone 150 feet from the point of collision before stopping.

The inescapable conclusion is that defendant was going at an excessive speed, and was therefore also at fault when he collided with plaintiff's car.

Mrs. Agnes Bailey is a lady 66 years of age, the mother of Corrie Bailey, the driver of the car of which she was an occupant with her grandson, Claude Eastman, minor son of Loran Eastman. Mrs. Bailey says she did not know anything about a car, and had nothing to do with its control and operation. The minor, Claude Eastman, was sitting on the front seat on the right side of his grandmother, and also had neither supervision, direction or control of the car which was being driven by his uncle, Corrie Bailey. Mrs. Bailey and the minor, Claude Eastman, were the guests of Corrie Bailey, and were not engaged in any common adventure or enterprise.

The contributory negligence of Corrie Bailey cannot be attributed to his guests, who had no part in the management of the auto he was driving. Daull v. New Orleans Ry. & Light Co., 147 La. 1012, 86 So. 477.

In the case of Churchill v. Texas & Pacific Ry. Co., 151 La. 726, 92 So. 314, the

court said that the guest, not having charge of the operation of the machine, is not required to keep a lookout for danger, and can rely on the discharge of that duty by the driver. In other cases decided by this court, we have had occasion to apply the rule announced in the Churchill case, but took occasion to say that the guest was not entitled to rely implicitly or absolutely on the driver, but to a reasonable extent could rely on the careful management or operation of the car by the driver. In applying this rule, due regard should be given to the facts and particular circumstances of each case.

In this case the evidence shows that Mrs. Bailey is a grandmother, an elderly lady of 66 years. She wore spectacles, which the record shows were broken in the collision. Looking one way or the other for cars traveling on the Hammond-Covington highway would have been of little or no service to her or the driver.

This driver was her son, 21 years of age, had been running cars since 1925, and was an experienced driver. He had slowed his auto on approaching the intersection, and it is reasonable to say that she could assume he would look to his right and left before venturing across that highway. Such an assumption or reliance to that extent in the proper management of the car did not create negligence of her own or independent negligence so as to preclude her from recovering damages as a guest.

The other plaintiff, Claude Eastman, was a minor, riding with his grandmother and his uncle, the driver. It can hardly be contended that he should not recover as a guest because he did not interfere with the management of the car or most probably relied on its proper operation by his uncle.

Mrs. Bailey and the minor both say they did not see defendant's car before they were struck, and therefore cannot be charged with failure to have given warning of danger to the driver of their car. They had the right to rely on the driver to the extent above explained, and the negligence of the driver of their car cannot be imputed to them, which entitled them to recover, as was held below.