LANDRY, Judge.
Plaintiff, Dewey DePriest instituted this action to recover damages from defendant, Connecticut Fire Insurance Company (liability insurer of a 1953 Mercury automobile owned by Ruddy Crisp), in the sum of $895.00 representing the alleged value of plaintiff’s 1950 Plymouth Automobile reputedly demolished in an accident which occurred December 16, 1955, and according to plaintiff resulted solely from the negligent operation of the insured Mercury by Douglas Crisp, minor son of its owner, Ruddy Crisp. Defendant filed exceptions of no right and no cause of action based on the contention that plaintiff was not the owner of the Plymouth automobile in question and the assertion that said vehicle was in fact owned by plaintiff’s son, Philip Don DePriest. After trial of said exceptions the trial court rendered judgment in favor of defendant sustaining the exception of no right of action and dismissing plaintiff’s suit. From said judgment plaintiff has taken this appeal.
The accident in question having occurred December 16, 1955, this present demand on behalf of plaintiff was instituted by the late C. Paul Phelps, Attorney-at-law, the *459 initial petition having been filed November 19, 1956. Defendant’s exceptions were filed December 20, 1956, by defendant’s present counsel of record.
On motion of counsel for defendant, the exceptions filed herein were set for trial October 11, 1957 but upon request of Mr. Phelps were continued without date. Following this development Mr. Phelps died December 1, 1958. The death of Mr. Phelps caused the matter to remain dormant for a period of nearly two years when, in the fall of 1960, on motion of counsel for defendant-exceptor the exceptions were set for trial November 10, 1960, and notice of said assignment sent to plaintiff as well as the attorney-at-law known to counsel for defendant to be handling Mr. Phelps’ unfinished cases. In addition exceptor caused summons to be issued and served upon plaintiff and plaintiff’s son, Philip Don DePriest, ordering both to appear as witnesses on the trial of said exceptions.
Despite the aforesaid notice and summons, plaintiff neither appeared nor was represented by counsel at the trial of the exceptions.
Present counsel for appellant urges in substance that appellant was not represented upon the trial of said exceptions due to a misunderstanding between counsel and the trial judge and that in the interest of justice the judgment of the trial court should be set aside and this cause remanded for retrial of said exceptions in order that appellant may have his day in Court properly represented.
The alleged misunderstanding alluded to by counsel is related in appellant’s brief to have occurred under the following circumstances: Shortly prior to the date set for trial of the exceptions in question, appellant called at the office of his present counsel and presented the summons which had been served upon appellant ordering appellant’s presence in Court November 10, 1960, as a witness in this cause. After discussion of the matter with appellant, learned counsel for appellant telephoned counsel for defendant and advised the latter that the former was considering representing plaintiff in 'this matter. Subsequently, counsel decided to accept plaintiff’s case and thereupon contacted the trial judge by telephone advising the court that counsel represented plaintiff and requested a continuance of the trial of the exceptions on the ground that neither member of the counsel’s firm could be present in court on November 10, 1960, because of previous commitments. According to the narration contained in appellant’s brief, counsel for appellant was informed by the Court that a continuance would not be granted but that to accommodate counsel the matter would be deferred until the afternoon of the trial date and that if counsel appeared he would be afforded the opportunity to represent appellant. Despite the foregoing, when counsel appeared at the parish courthouse at noon, November 10, 1960, the exceptions had been tried and disposed of adversely to plaintiff.
The learned trial judge did not testify herein and, in fact, the record is devoid of any testimony whatsoever. However, the minutes of the Court for November 10, 1960, contain the following;
“Trial — EXCEPTIONS
NOVEMBER 10, 1960
“The exceptions having been regular (sic) assigned for hearing with Mr. Iddo Pittman counsel for the defendant, C. Paul Phelps (now deceased) was counsel for the plaintiffs, the plaintiff and his son both were subpoeaned (sic) in due time. The court made the following statement “In view of the fact that Mr. Sims contacted me, buth (sic) did not state for sure he was representing the plaintiff, and in view of the fact that I told him if he did represent the plaintiff to have himself or his partner out here to argue this exception, the Court is going to instruct the Clerk ot (sic) notify Mr. *460 Sims of the out come (sic) of this case and of the signing of the judgment.
“This exception was taken up pursuant to assignment. That plaintiffs were called three times in open court and failed to appear, and the court since it was taken up by exceptors, argued, testimony taken and evidence produced, the Court sustained the exceptions.
“JUDGMENT
“This case came for trial following regular assignment, on exceptions of no right or cause of action. Present: Iddo Pittman, Jr., attorney for ex-ceptor. It appearing that plaintiff was summoned to appear and failed to do so; and the law and evidence being in favor of exceptor for the reasons this day orally assigned:
“IT IS ORDERED, ADJUDGED AND DECREED that there be jjudgment (sic) herein in favor of exceptor, Connecticut Fire Ins. Co., and against the plaintiff Dewey DePriest, maintaining the exception of no right of action and dismissing plaintiff’s petition at his costs.
“Judgment rendered, read and signed in open court at Livingston, Louisiana, this 10th day of November, 1960.
“F. E. Burch, Judge”
In the condition in which we find the record the statement of events contained in the minutes of the trial court must be accepted in preference to the narration of circumstances set forth in appellant’s brief.
The solemn pronouncements contained in the foregoing minutes of the Court must be accepted as true under the circumstances considering the law of this state is settled to the effect that the formal minutes of a court of record are presumed correct in the absence of positive proof to the contrary. Bailey v. Demourelle, 17 La.App. 116, 135 So. 623.
It follows that for the purposes of this appeal we must accept as true the proposition that counsel for appellant did not inform the trial court that he did in fact represent appellant but notwithstanding said event counsel was informed by the court that if counsel appeared he would be permitted the opportunity to act as plaintiff’s attorney herein on the trial of said exceptions. We must further accept as true that notwithstanding said offer of the trial Court appellant elected not to appear and neglected to engage counsel to represent him at the trial of the exceptions.
The real issue presented is whether the learned trial court abused the discretion vested in her by hearing defendant’s exceptions under the circumstances shown. Although it was clearly within the discretion of the trial court to grant a continuance herein we cannot say that under the circumstances shown she abused her discretion in failing to do so. Clearly defendant-ex-ceptor was entitled to trial of its exceptions. The suit had been pending since December of 1960 and one previous continuance had been granted to plaintiff’s attorney C. Paul Phelps prior to his death. Defendant had reset its exceptions for trial and duly notified plaintiff in person since plaintiff was then without representation. In addition both plaintiff and plaintiff’s son were summoned to appear as witnesses on the date set. There can be no question but that plaintiff was fully aware of the pending trial and was given ample opportunity to engage counsel if he so desired. Plaintiff being fully apprised of the trial saw fit not to positively engage counsel to represent him .therein.
The judgment of the trial court is entitled to the presumption of correctness. It is the settled jurisprudence of this state that where the record contains no transcript of evidence or statement of facts agreed to by the parties or made by the Court, the recitals in a judgment are presumed correct and the judgment assumed *461 to have been rendered upon the presentation of legal and sufficient evidence. Miller v. Rollins, La.App., 111 So.2d 146; Harrison v. His Creditors, 43 La.Ann. 91, 9 So. 15.
It follows, therefore, the judgment of the trial court is entitled to affirmation.
Affirmed.