MARVIN, Judge
(dissenting).
In DePriest v. Connecticut Fire Ins. Co., 140 So.2d 458, 460 (La.App. 1st Cir. 1962) it was stated that “. . . the law of this state is settled to the effect that the formal minutes of a court of record are presumed correct in the absence of positive proof to the contrary.”
We have no positive proof to the contrary and we must presume that on December 4 the State did in fact move for an appeal which was granted, as the Decemer 20 minutes so clearly stated. This is the only conclusion which can be drawn from reading the two minute entries together.
The majority on rehearing recognizes that if the State did in fact on that date [December 4] move for an appeal which was granted, the district court retained jurisdiction and authority to correct the. erroneous minute entry [to which I would add “at any reasonable time after December 4”].
*651 The delays for appealing had not expired on December 4 and the amended minutes of that date do show an appeal was sought by the State and was granted by the lower court.
Moreover, the December 20 minutes show that “The Court ordered” the amendment of the December 4 minutes and do not in any way suggest that this was done necessarily on the motion of the State. Lower courts have express and inherent power to correct minute entries without contradictory hearings with the parties litigant. La.C.GP. Art. 2132. In no case have I found any instance where an appeals court has adulterated this power of the lower court over its own minutes by requiring a contradictory hearing below. Yet the majority is doing here, in effect ex parte, what the majority condemns, because the result is the district court is being told that it can no longer correct its minutes ex parte, if significant and substantial rights of a litigant are affected. This result affects significant and substantial rights of a district court without giving the district court an opportunity to be heard and raise objections.
Those who are involved with the press of paperwork obligations in our courts, whether minute clerks, reporters, lawyers or judges, are not infallible but are subject to all the frailities of human nature. Lawyers and judges, like witnesses, sometimes mumble or unknowingly talk at the same time. This sometimes results in confusion, misunderstandings or mistakes on the part of minute clerks and court reporters. Frequently, a trial court finds the minutes in error and directs or “orders” (as here) the minute clerk to correct or amend the minute entry. Where a district court amends or corrects a minute entry in any case in the future, out of an abundance of precaution that significant and substantial rights of a litigant might be affected, the district court likely will deem it necessary to hold a contradictory hearing. This result here will lead to unnecessary clutter and imposition on the working schedule of district courts. The courts below should be able to spend their time on more productive things than contradictory hearings to determine the necessity of correcting or amending its own minutes, especially on its own and without an application by a litigant.
La.C.C.P. Art. 963 contemplates that one litigant apply for by written motion the order which may be in question.
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party,
if the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party. (Emphasis supplied).
By the record before us, the order correcting or amending the minute entry was not applied for by written [or oral] motion by anyone. The minutes simply reflect “The court ordered . . .” Art. 963 should not be applied where a district court corrects or amends its minutes on its own, and without the order for the Correction or amendment being applied for by written motion as the article clearly states. We must presume the minute entry to be correct under established jurisprudence and in the interest of judicial efficiency.
I respectfully dissent.