STOULIG, Judge.
Plaintiff, The Rodrigue Company, Inc., a creditor of Zenith, Inc., filed suit on April 3, 1975, against Bernice Gilmore, individually, its president, for a $29,777.18 corporate debt. Zenith, Inc., had been previously placed in involuntary bankruptcy on December 12, 1974. Plaintiff alleged the defendant drew a salary of $2,000 monthly plus liberal fringe benefits from Zenith, Inc., without performing services to justify this amount, which constituted an unfair distribution of assets prejudicial to creditors. Defendant’s exception of no right of action was maintained. Plaintiff has appealed.
Appellant argues it is entitled to proceed directly against Mrs. Gilmore because (1) R.S. 12:92(D) imposes individual liability on a shareholder who knowingly votes for an unauthorized distribution of corporate assets; and (2) R.S. 12:93(D) makes the recipient shareholder of an unlawful distribution individually liable to a creditor who has an unsatisfied claim against the corporation.
Had not plaintiff and other creditors forced Zenith, Inc., into bankruptcy, plaintiff’s right to proceed directly against Mrs. Gilmore would be unquestionable. However, the bankruptcy law preempts this individual right of action by a single creditor against an officer or shareholder individually of the defunct corporation.
When the right of the individual creditor conflicts with the obligation of the trustee appointed to administer the bankrupt estate, the individual right of action must yield. 11 U.S.C. § 75 obligates the trustee to collect and administer the corpo *528 rate assets, which become the common pledge of the creditors, and ultimately distribute them in accordance with law. To accomplish this end, title to the bankrupt’s estate vests in the trustee from the time the bankruptcy is filed. 11 U.S.C. § 110. Thereafter, the trustee alone can act to recover the assets of the bankrupt. Graybar Electric Company v. Doley, 273 F.2d 284 (4th Cir. 1959); Burkett v. Shell Oil Company, 448 F.2d 59 (5th Cir. 1971). At this point an individual creditor cannot bypass the trustee by filing suit directly against a potential debtor of the corporate bankrupt.
To keep this action alive, appellant asks that we remand this matter to permit the trustee in bankruptcy to be substituted as a party plaintiff based on an order of the bankruptcy court that allegedly instructs the trustee to file a new suit or to have himself substituted as party plaintiff in this one. In addition, it allegedly decrees the state court to be the proper forum to bring this action.
The federal order alluded to by appellant is not in the record nor is there any motion to substitute the trustee. The scope of our review is limited to the record, specifically to the propriety of a judgment dismissing plaintiff’s suit on an exception of no right of action. In this same vein we note appellant’s criticism of the district court for not passing on the issue of whether the state or the federal court was the proper forum for an action against Mrs. Gilmore is meritless. Once having decided appellant could not bring the action, any further determination would have been advisory.
In view of our conclusion plaintiff has no right of action, we need not consider the question of either state or federal jurisdiction.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.

AFFIRMED.