363 So.2d 1334 (1978)
Mary Godwin McCLURE, Plaintiff-Appellant,
v.
Douglas McCLURE, Defendant-Appellee.
No. 6554.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
*1335 Jim W. Wiley, Winnfield, for plaintiff-appellant.
Griffing & Scott by Hal J. Scott, Jonesville, for defendant-appellee.
Before WATSON, GUIDRY and FORET, JJ.
GUIDRY, Judge.
In this action plaintiff seeks by rule to obtain judgment against defendant, her former husband, for the amount of alleged arrearages in alimony and child support; finding him in contempt of court for failure to pay alimony and child support as ordered; and, condemning him to pay her a reasonable attorney's fee for his alleged arbitrary and capricious refusal to pay alimony and child support when due. The defendant filed a counter rule seeking a reduction in the amount of his child support payments. The rules were consolidated and tried and resulted in a judgment fixing arrearages due plaintiff, Mary Godwin McClure, at the sum of $1878.50; denying attorney's fees; dismissing plaintiff's rule for contempt; and, reducing child support payments from $260.00 monthly to $180.00 monthly. Plaintiff, Mary Godwin McClure, appealed.
The issues presented on appeal are: (1) did the trial judge correctly compute the amount of arrearages due plaintiff; (2) did the trial court err in his refusal to award attorney's fees; (3) did the trial court err in dismissing plaintiff's rule for contempt; and, (4) did the trial court err in ordering a reduction in child support payments.
The facts are not in dispute. By virtue of a judgment read and signed February 4, 1974, Douglas McClure was ordered to pay to Mary Godwin McClure $100.00 per month alimony pendente lite and $600.00 per month child support. The monthly payments were ordered to be made on the 1st day of each month beginning February 1, 1974. In a later judgment rendered March 7, 1974, the previous alimony award was terminated and the amount of defendant's child support payment was reduced to $260.00 monthly, the effective date of the latter reduction being fixed as March 5, 1974 with a payment due on the latter date and on the 5th of each month thereafter. A later divorce decree dated June 27, 1974, awarded plaintiff permanent custody of her three minor children and continued child support payments at the sum of $260.00 monthly. Beginning in May of 1976, defendant *1336 unilaterally reduced his child support payments by one-third when one of his three children was emancipated by marriage. In April of 1977 defendant further unilaterally reduced his child support payments by an additional one-third in an attempt to induce Mrs. McClure to have one of the minor children remain in school. However, in July of 1977, prior to trial of the rules, defendant voluntarily made up for the latter reduction. Between February 1, 1974 through October 4, 1977, defendant paid to plaintiff, the sum of $100.00 alimony and $9901.50[1] in child support.

CORRECTNESS OF THE TRIAL COURT'S CALCULATION OF THE ARREARAGES
The trial court correctly held that defendant was without right to unilaterally reduce his child support payments upon the judicial emancipation of one of his minor children and/or to induce his wife to keep one of the children in school.
In speaking to the binding effect of a judgment awarding alimony and/or child support and its inviolability to alteration or change without judicial intervention, our Supreme Court in Halcomb v. Halcomb, 352 So.2d 1013 (La.1977) stated:

". . . However, unless automatic reduction, modification or termination is provided for by operation of law, the award remains enforceable notwithstanding that a cause for reduction may have occurred which would, upon proper suit, warrant such a reduction. Support for this rule is found in a proper regard for integrity of judgments. Such a regard does not condone a practice which would allow those cast in judgment to invoke self-help and unilaterally relieve themselves of the obligation to comply. Any other rule of law would greatly impair the sanctity of judgments and the orderly processes of law. To condone such a practice would deprive the party, in whose favor the judgment has been rendered, of an opportunity to present countervailing evidence, and at the same time deny the judge an opportunity to review the award in light of the alleged mitigating cause which had developed since its rendition."

Appellant contends on appeal that the trial judge erred in calculating the arrearages in that he did not allow plaintiff the sum of $600.00 in child support and $100.00 in alimony pendente lite allegedly due March 1, 1974, but rather allowed only the sum of $260.00 as child support for the month of March 1974. Stated another way appellant argues that on March 1, 1974 these sums were due and could not be changed by a later judgment made retroactive.
We agree with appellant that a later judgment reducing support payments cannot be made retroactive so as to nullify or reduce accumulated alimony. Mertens v. Mertens, 308 So.2d 506 (La.App. 3rd Cir. 1975). However, we disagree with appellant's contention that a correct calculation of the arrearages due her should include the total sum of $700.00 for the month of March 1974. The earlier judgment of February 4, 1974 awarded plaintiff $100.00 monthly as alimony pendente lite and $600.00 monthly as child support, the initial awards being made retroactive to February 1, 1974. It is within the discretion of the trial judge as to when a support award shall begin. Vetter v. Vetter, 299 So.2d 899 (La. App. 2nd Cir. 1974); Gayle v. Gayle, 191 So.2d 158 (La.App. 3rd Cir. 1966). By judgment rendered March 7, 1974 the alimony award was terminated and the child support award reduced to $260.00 monthly, the latter amount being made payable on the 5th of March 1974 and on the 5th day of each succeeding month. Under settled law plaintiff had a vested right to all alimony and child support accumulated under the *1337 earlier judgment to March 7, 1974. On the latter date the earlier judgment was amended terminating her right to further alimony payments and reducing her future child support payments. Considering the above we conclude that a correct computation of the arrearages due plaintiff is as follows:

ALIMONY
2/1/74 thru 2/28/74 ................... $ 100.00
3/1/74 thru 3/6/74
(6 days @ $3.33) ...................... 19.98
CHILD SUPPORT
2/1/74 thru 2/28/74 ................... 600.00
3/1/74 thru 3/6/74
(6 days @ $20.00) ..................... 120.00
3/7/74 thru 10/4/77
43 mos. @ $260.00 ..................... $11180.00
Total alimony and child support
due to 10/4/77 ........................ $12019.98
Less amount paid ...................... 10001.50
 _________
Total arrearages due .................. $ 2018.48

As aforestated, the trial court awarded arrearages in the total sum of $1878.50. We will amend the trial court judgment so as to increase the amount of the award to the total sum above set forth.

IS PLAINTIFF ENTITLED TO AN AWARD OF ATTORNEY'S FEES?
The basic well established rule is that attorney's fees are not allowed in the absence of a statute or contract providing for same. LSA-R.S. 9:305, added by Act 462 of 1977, provides as follows:

"When the court renders an executory judgment incorporating the payment of child support or alimony in arrears, the court may award reasonable attorney fees in favor of the prevailing party." The instant rule was tried and judgment rendered after the effective date of the cited act.
Although the record in the instant case does not indicate that the trial court considered the provisions of LSA-R.S. 9:305, there is a clear indication in the record that, in denying attorney's fees, the trial judge did so because he found defendant was not arbitrary or capricious in failing to make payment. The trial judge reasoned that until rendition of the decision in Halcomb v. Halcomb, supra, the question concerning proportionate automatic reduction of a child support award without judicial intervention, when a cause for reduction occurs, remained unsettled.
The cited section of the revised statutes makes an award of attorney's fees discretionary with the trial court. Considering the trial court's reasons, although he may not have considered the applicability of LSA-R.S. 9:305, we cannot say that the trial judge abused his much discretion in refusing to award plaintiff attorney's fees.

THE REMAINING ISSUES
The remaining issues concern correctness of the trial court's judgment insofar as it orders a reduction in child support payments and insofar as it dismissed plaintiff's rule for contempt. Both of these issues involve factual determinations in which the trial court is allowed a great amount of discretion. The trial court's resolution of such issues should not and will not be interfered with on appeal unless there has been a clear abuse of discretion. Gravel v. Gravel, 331 So.2d 580 (La.App. 3rd Cir. 1976); Lockwood v. Lockwood, 175 So.2d 313 (La.App. 2nd Cir. 1965). Our review of the record in this case failed to reveal any manifest abuse of discretion in the resolution of either of these issues.
For the above and foregoing reasons the judgment appealed from is amended so as to increase the amount of judgment in plaintiff's favor from the sum of $1878.50 to the sum of $2018.48. In all other respects the judgment appealed from is affirmed. Costs of this appeal are to be borne one-half by appellant and one-half by appellee.
AMENDED AND AFFIRMED.
NOTES
[1] Plaintiff's exhibit 4 admits receipt of the $100.00 alimony payment and the sum of $9701.50 in child support payments. On the basis of defendant's testimony the trial court found that he had paid the additional sum of $200.00 in child support in the month of February 1974, such amount not being reflected on plaintiff's records. We find no error in this determination.