WATSON, Judge.
This suit was consolidated for trial and appeal with our docket no. 6767, Farmers International Sales, Inc. v. Constanza, 370 So.2d 138. Plaintiff, Farmers Equipment Sales, Inc., is a successor company to Farmers International Sales, Inc., plaintiff in docket no. 6767. The name of the corporation was changed during its operations. Both suits involve claims against defendant, Constanza. In docket no. 6766, LeBlanc and O’Malley, certified public accountants, and Fusilier, Pucheu and Soileau, attorneys at law, were substituted as parties-plaintiff. The trial court gave judgment in favor of *137 Fusilier, Pucheu and Soileau for an open account of $2,642.79, and in favor of Le-Blanc and O’Malley on a note for $2,552.71. In docket no. 6767, the trial court gave judgment in favor of Farmers International Sales, Inc. on a note for $4,073.81, plus eight (8%) percent interest from February 25, 1970, and twenty-five (25%) percent attorney’s fees. Defendant Constanza has appealed from the judgments in both suits.
Defendant Constanza contends that the sums demanded had been paid and/or were not owed; that the trial court erred in allowing the attorneys and accountants to be substituted as parties-plaintiff in docket no. 6766; and that the trial court erred in giving judgment in favor of the bankrupt plaintiff in docket no. 6767.
Decision of the appeal is hampered by the unexplained absence from the appellate record of Exhibits D-7 through D-35 and P-1 through P-13. These exhibits include the notes, the assignments, Constanza’s deposition and other items of evidence. However, the signature of defendant on the two notes was admitted at the pretrial conference.
Farmers Equipment Sales, Inc. was discharged in bankruptcy on April 25, 1975. (D-2). William Sandoz, receiver and trustee for the bankruptcy, testified that he did not contest the assignments to the attorneys and accountants, because he did not regard them as voidable preferences. The trial court made a factual finding that the assignments were valid. The note involved in docket no. 6767 was not included in the bankruptcy proceedings as the result of an oversight amid confusion in the affairs of the bankrupt. Sandoz said it was not unusual for a debt to be omitted from a bankrupt’s schedule of assets and liabilities and that, if any additional funds were received in connection with that suit, the bankruptcy could be reopened.
Review of the full facts is impossible because of the missing exhibits. LSA-C.C.P. art. 2161 provides:
“An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.”
Neither retrial nor correction of the record is feasible under these circumstances. Since the omissions are not imputable to defendant-appellant, the appeal cannot be dismissed. Our review is limited, but the trial court judgment is presumed to be correct. DePriest v. Connecticut Fire Insurance Company, 140 So.2d 458 (La.App. 1 Cir. 1962); Bowie v. Bowie, 228 So.2d 83 (La.App. 2 Cir. 1969); Clark v. Richardson, 157 So.2d 325 (La.App. 3 Cir. 1963).
The first issue is defendant Constan-za’s contention that the sums involved were not owed and/or had been paid. Constanza admitted that the amount claimed on open account had been charged to him, but said he did not owe it because it should have been covered by warranties on the equipment purchased. Ronald Fontenot, president, part owner and bookkeeper of Farmers, testified that Constanza owed this amount. Constanza said the note for $2,552.71 was supposed to have been destroyed. He did not know the origin of the note for $4,073.81. Fontenot’s testimony was that the smaller note represented a down payment on equipment and the larger note was given to secure an amount owed by Constanza on open account. Constanza’s evidence was limited to his own testimony. The trial court apparently made a credibility evaluation adverse to defendant in deciding that Constanza owed the sums claimed. No error has been shown.
The second issue is the validity of the assignments to the attorneys and accountants. The suit in docket no. 6766 was filed October 21,1971, and the suit in dock *138 et nó. 6767 was filed February 24, 1972. Ronald Fontenot testified that the assignments were made in November of 1971, shortly after the filing of the first lawsuit. One of the partners in the accounting firm, Eddie M. LeBlanc, Jr., testified that the note was assigned to his firm near the end of October, 1971. J. Wendel Fusilier, a member of the law firm to whom the open account was assigned, testified that the assignments were made after the first suit was filed on October 21, 1971, in order to secure payment of fees owed to his firm and that of the accountants for work being done. The bankruptcy petition was filed March 9, 1972. Sandoz testified that he was appointed receiver on that date. San-doz was award of the two lawsuits and the two assignments. Fusilier testified that the two causes of action which were assigned were not included in the bankruptcy petition because they were not preferential transfers. Sandoz agreed with this opinion.
The trial court correctly concluded that the assignments were valid. They transferred litigious rights owned by the bankrupt prior to the bankruptcy. Wiley v. Public Investors Life Insurance Company, 498 F.2d 101 (1974).[1] The assignments did not constitute voidable preferences, although made within a year prior to the filing of the bankruptcy petition, because there was fair consideration. In re Southern Land Title Corporation, 474 F.2d 1033 (1978). The evidence is that the assignments were made in good faith to satisfy antecedent debts.
The third issue is whether judgment should have been given in favor of the bankrupt, Farmers International Sales, Inc. in suit no. 6767. The suit was filed prior to the filing of the bankruptcy petition when Farmers was a proper party plaintiff. Compare Rodrigue Co., Inc. v. Gilmore, 339 So.2d 527 (La.App. 4 Cir. 1976). Since the debt was not listed on the bankruptcy schedule and was not subject to the administration of the trustee, the trial court correctly granted judgment in favor of plaintiff Farmers. Even if a debt is listed on the schedule of assets, it has been held that the trustee of a bankruptcy has discretion to either prosecute the pending litigation or to allow the litigation to continue in the name of the bankrupt and await its outcome. Johnson v. Best Manufacturing Co., 263 So.2d 436 (La.App. 1 Cir. 1972). See the comment at 34 Louisiana Law Review 316.
For the foregoing reasons, the judgment of the trial court herein is affirmed at the cost of defendant-appellant, Paul Constan-za.
AFFIRMED.

. Although LSA-C.C. art. 2447 prohibits public officers from purchasing litigious rights, LSA-R.S. 37:218 specifically allows attorneys to acquire an interest in a suit as a fee.