446 So.2d 976 (1984)
Jimmy EDWARDS, Plaintiff-Appellee,
v.
Joyce EDWARDS, Defendant-Appellant.
No. 83-613.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1984.
*977 Miguez & Leckband, Carl A. Leckband, Jr., Lake Charles, for defendant-appellant.
A.J. Fazzio, Lake Charles, for plaintiff-appellee.
Before CUTRER, LABORDE and KNOLL, JJ.
KNOLL, Judge.
This is a domestic suit involving child support payments. Jimmy Edwards sued Joyce S. Edwards seeking a termination of his child support and alimony payments. Joyce reconvened alleging that Jimmy owed unpaid child support and alimony. The trial court rendered judgment terminating all future alimony payments and awarded Joyce $2,334 which represented past due child support.
Joyce has appealed raising the following issues:
1) Whether the trial court erred in applying LSA-R.S. 9:309;
2) Whether the trial court was clearly wrong in finding that Jimmy had paid his alimony and child support from April 10, 1979 to August 28, 1979; and,
3) Whether the trial court erred in not awarding attorney's fees.

FACTS
Joyce Selph Edwards and Jimmy Edwards were married in Calcasieu Parish on May 13, 1960. On March 20, 1979 Joyce filed a petition for divorce, and a rule to show cause why Jimmy should not pay alimony and child support for their two minor children, Vicki and Frank Wayne. On April 10, 1979 the trial court awarded judgment on the rule granting Joyce alimony in the amount of $160 per week together with child support in the amount of $30 per week together with child support in the amount of $30 per child per week, with the total to be paid weekly in the sum of $220.[1] The subsequent divorce proceeding was uncontested. On September 24, 1979 Joyce was granted a judgment of divorce which *978 provided alimony and child support as follows:
"It is further ordered, adjudged and decreed that plaintiff, Joyce Annette Edwards, born Selph, be granted alimony and child support in the amount of $220.00 per week, payable each and every Friday, the first payment becoming due on September 21, 1979, until further orders of this Court."
Jimmy decreased his child support payments by $30 when each of his minor children attained the age of eighteen: on December 31, 1979 for Vicki, and on July 9, 1981 for Frank Wayne. Jimmy continued to make weekly alimony payments of $160 from the time of divorce until October 25, 1982. On November 5, 1982 he filed a petition and rule to terminate alimony and child support.
Joyce does not complain of the termination of future alimony and Jimmy has not appealed the trial court's award of past due child support to Joyce.

TERMINATION OF CHILD SUPPORT
The trial court held that the child support award terminated automatically when the youngest Edwards' child reached the age of majority. Joyce contends that Jimmy should have filed a rule to terminate child support. She argues that LSA-R.S. 9:309 is not applicable because the divorce judgment in the instant case does not differentiate between the sums awarded for alimony and child support.
The trial court relied on LSA-R.S. 9:309 B. which provides as follows:
"B. When an order on judgment awards child support in globo for two or more children, said child support award shall terminate automatically and without any action by the obligor to reduce, modify, or terminate the award when the youngest child for whose benefit the award was made attains the age of majority."
The key to the applicability of this paragraph is the existence of an award of child support in globo for two or more children. In the case at hand, even though the divorce judgment does not distinguish between the amounts of alimony and child support, it is nonetheless, at least in part, comprised of an award for "child support in globo for two or more children." Accordingly, we find no error on the part of the trial court in terminating Jimmy's child support obligations when the youngest child attained the age of majority. Likewise there is ample evidence in the record to support the trial court's equitable division of the alimony and child support award.
Since the allocation of the alimony and child support awards was not specified in the divorce judgment, the trial court referred to the minutes of the hearing on the rule to show cause wherein the amount were originally set at $160 per week alimony and $30 per week per child for child support. See Miller v. Miller, 308 So.2d 379 (La.App. 1st Cir.1975) amended on other grounds 321 So.2d 318 (La.1975); and McConnell v. Theriot, 295 So.2d 60 (La. App. 4th Cir.1974), writ denied 296 So.2d 834 (La.1974) for a discussion of equitable apportionment of a judgment; see also Bagby v. Dillon, 434 So.2d 654 (La.App. 3rd Cir.1983), writ refused 440 So.2d 150 (La.1983). Joyce's pleadings reflect that she relied on the alimony and child support awards determined at the hearing on the rule to show cause. Her testimony at the divorce hearing indicated that she requested that the amounts for alimony and child support established at the rule be continued in the judgment of divorce. Accordingly, we conclude that the trial court was presented with sufficient facts to distinguish the alimony from the child support payments, and to accurately calculate the amount of past due child support.
Secondly, Joyce contends that the trial court was clearly wrong in finding that she had failed to rebut Jimmy's testimony that he paid all alimony and child support payments prior to September 1, 1979.
A review of the record reveals that Jimmy supplied a detailed schedule showing the dates and amounts of each cash payment. *979 On the other hand, Joyce was unable to explain the regular cash deposits that she made to her bank account during that period.
We will not disturb a trial court's evaluation of credibility and factual determinations unless the record reveals that the trial court's decision is manifestly erroneous or clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After a careful review of the record, we cannot say that the trial court's determination was clearly wrong.
Finally, Joyce asserts that she was entitled to an award of attorney's fees. LSA-R.S. 9:305 provides:
"When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party." (Emphasis added)
Under LSA-R.S. 9:305 the trial court is vested with discretion in determining whether attorney fees are to be awarded when it renders executory a judgment incorporating child support arrearages. Cheramie v. Cheramie, 429 So.2d 203 (La. App. 1st Cir.1983), writ refused 434 So.2d 1095 (La.1983).
The record reveals that there was some question as to whether the child support payments should have been terminated as each child attained the age of eighteen. Jimmy relied on the breakdown of child support payments determined in the rule to show cause. Joyce did not object when the child support payments were decreased shortly after the divorce when her daughter, Vicki, turned eighteen, and then again two years later when her son, Frank Wayne, turned eighteen. Joyce did not contest the reduction of child support payments until Jimmy sought to terminate her alimony. Accordingly, we find no abuse in the trial court's denial of attorney fees.
For the foregoing reasons the judgment of the trial court is affirmed at defendant-appellant's cost.
AFFIRMED.
NOTES
[1] A formal judgment on the rule is not of record, but the court minutes fully reflect this allocation of alimony and child support. The law is well settled that the formal minutes of a court of record are presumed correct in the absence of positive proof to the contrary. DePriest v. Connecticut Fire Insurance Company, 140 So.2d 458 (La.App. 1st Cir.1962); Bailey v. Demourelle, 17 La.App. 116, 135 So. 623.