DOMENGEAUX, Judge.
This appeal arises from two district court judgments in favor of the defendant-appel-lee. The first judgment appealed from herein granted Mrs. Nolker alimony and child support. That judgment is contested on the appellant’s alleged inability to pay the $600.00 per month award. The second judgment subject to the appellant’s attack awarded $300.00 in attorney fees to the appellee’s attorney following a rule to make child support and alimony arrearages executory.
Mr. Nobel Nolker filed suit against his wife, Linda Nolker, for separation a mensa et thoro on November 10, 1982. After answering, Mrs. Nolker filed a reconven-tional demand seeking a separation a men-sa et thoro in her favor based on the grounds of her husband’s alleged adultery. Additionally, Mrs. Nolker’s reconventional demand prayed for the permanent custody of the two minor children of the marriage and for $1,000.00 per month as support for herself and her children.
By partial judgment rendered in open court on March 16, 1984, and signed on April 2nd of that year, the district court decreed a separation from bed and board in favor of Mrs. Nolker and dismissed Mr. Nolker’s suit for the same. The trial court also found Mrs. Nolker to be “free from fault contributing to the separation of the parties.” The judgment further disposed of the issue of the custody of the children but retained jurisdiction over the issues of support which were taken under advisement. It is important to note here that Mr. Nolker made no motion for an appeal of this judgment, nor was any order for appeal ever signed concerning it.
On June 12, 1984, the district court rendered and the judge signed a second judgment ordering Mr. Nolker to pay $300.00 per month child support and $300.00 per month alimony. Mr. Nolker promptly filed a motion for appeal from the June 12th judgment, and an order for that appeal was signed June 27, 1984.
Thereafter, Mrs. Nolker filed a rule to make past due child support and alimony executory, and on July 13, 1984, a judgment in her favor was signed. The judgment ordered Mr. Nolker to pay the arrear-ages due and $300.00 to Mrs. Nolker’s attorney for the prosecution of the rule. Again Mr. Nolker timely applied for and obtained an order for appeal which was signed on July 23, 1984.
Mr. Nolker raises three issues in this appeal:
(1) Whether the record supports the trial court’s conclusion that Mrs. Nolker was “free from fault in reference to the separation.”
(2) Whether the trial court clearly abused its discretion in finding that Mr. Nolker had sufficient income to pay a total of $600.00 per month for child support and alimony.
(3) Whether the trial court committed error in ordering the appellant to pay Mrs. Nolker’s attorney’s fees, a sum of $300.00, occasioned in the prosecution of the rule to make child support and alimony arrearages executory.
We begin our analysis of the issues raised by the appellant with the observation that this Court has no jurisdiction to entertain the question of Mrs. Nolker’s fault in reference to the separation of the parties. That issue was finally decided in the judgment signed on April 2, 1984. See La. C.C.P. Art. 1841. As stated earlier in this opinion, no order was presented or signed for an appeal from the April 2nd judgment of separation. “Unless a party litigant obtains an order of appeal duly granted by the trial court, there can be no appeal.” Davis v. Funderburk, 274 So.2d *224 781 (La.App. 3rd Cir.1973); La. C.C.P. Art. 2121.
Secondly, we concern ourselves with the allegations that the trial court abused its great discretion in ordering the appellant to pay the appellee the sum of $600.00 per month in child support and alimony. The appellant’s testimony at trial, which was not directly challenged, established that Mr. Nolker was employed but not working at the time of the proceedings. Further testimony explained that Mr. Nolker was employed by Penrod Drilling Company and that he usually worked a schedule of 30 to 45 days on a rig followed by about a month off. Mr. Nolker also testified that he had no savings of any kind, that the family home and second vehicle had been seized due to unpaid mortgage and installment notes, that he had sizeable personal expenses, and that his only asset was a pickup truck. However, other evidence presented at trial showed that Mr. Nolker had been living apart from his wife since October of 1982, and since that time the appellant had been supporting himself without apparent difficulty. Further, appellant’s petition in the trial court stated he would agree to providing child support in the monthly sum of $250.00. That offer was never revoked, indicating to us that Mr. Nolker was confident he could handle the obligation.
In awarding Mrs. Nolker $300.00 per month alimony and $300.00 per month child support, it was the trial court’s view that although Mr. Nolker was not working at the time of trial, he had “means even though his income [was] intermittent.” Apparently, the district judge felt that any period of occupational inactivity was temporary and did not affect the appellant’s overall ability to lend support to his wife and minor son.[1] Based on the record before us and the trial court’s written reasons for judgment, we cannot say that the district judge was manifestly erroneous or that he abused his great discretion in awarding child support and alimony to Mrs. Nolker. Therefore, the issue on appeal of the judgment dated June 12, 1984, is without merit, and the judgment is affirmed.
The final issue the appellant raises before us is whether the trial court erred in awarding $300.00 in attorney fees to the appellee’s attorney pursuant to La. R.S. 9:305. That statute provides:
“When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.”
The judgment ordering Mr. Nolker to pay child support and alimony was signed on June 12, 1984. Exactly nine days later, on June 21, 1984, the rule to make past due payments executory was filed. Uncontra-dicted testimony presented at the hearing on the rule established that Mr. Nolker was working out of town when the judgment was signed and returned home to be served on the rule only the day before the hearing was held on July 6, 1984. The trial judge rendered judgment in favor of Mrs. Nolker making past due child support and alimony executory but declined to find Mr. Nolker in contempt. However, the district judge considered the award of attorney’s fees mandatory and set them at $300.00.
Initially we note that whether an award of attorney fees under La. R.S. 9:305 should be made is within the discretion of the trial court. Edwards v. Edwards, 446 So.2d 976 (La.App.3rd Cir.1984). In this case we find good cause to exempt the appellant from the obligation of paying attorney fees. Mr. Nolker was not deliberately flaunting the June 12th judgment of the district court in failing to begin to pay on the obligations created therein. As stat *225 ed above, Mr. Nolker was not notified of the judgment until the day before the hearing on the rule. Further, Mr. Nolker had not been derelict in supporting his wife and children even before the judgment ordering their support. The judgment of June 12th recognized the appellant’s prior support payments totalling $3,507.00 and credited that amount to him. In other words, long before there existed a court order compelling spousal and child support, Mr. Nolker had been providing his family with an average of just under $200.00 per month — and this even though Mr. Nolker suffered several months without receiving any income because his rig was “stacked”.
Since the appellant was not aware of the judgment against him we must acknowledge the possibility of a good cause shown for noncompliance with the judgment of June 12, 1984. However, after recognizing the consistent (although intermittent) support rendered to his family by Mr. Nolker, we conclude that the appellant did not intent to avoid the commands of the court order. Good cause has been shown and the district court’s award of attorney fees in the amount of $300.00 in favor of Mrs. Nolker and against Mr. Nolker is reversed.
For the above and foregoing reasons the judgment of the district court awarding the appellee Mrs. Nolker $300.00 per .month child support and $300.00 per month alimony is affirmed. The judgment of the district court assessing attorney fees against Mr. Nolker in the sum of $300.00 pursuant to La. R.S. 9:305 is reversed. All costs of this appeal are to be borne by the parties equally — one-half to the appellant and one-half to the appellee.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.

. The district judge’s perceptive evaluation of the case was given further foundation at the hearing on the rule to make child support and alimony arrearages executory. At that hearing, Mr. Nolker testified that his employment with Penrod had stabilized to a schedule of two weeks on and two weeks off at $10.35 per hour for an 84 hour work week, which calculates to approximately $1,738.80 per month.