505 So.2d 835 (1987)
Nina Dowling HARRIS, Plaintiff-Appellant,
v.
James Brian HARRIS, Defendant-Appellee.
No. 18519-CA.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1987.
Francis M. Gowen, Shreveport, for appellant.
Rogers & White by David L. White, Bossier City, for appellee.
Before FRED W. JONES, JR., SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiff, Nina Dowling Harris, filed suit against the defendant, James Brian Harris, to have past due child support and alimony pendente lite made executory. The trial court granted judgment in favor of the plaintiff, but found that defendant's failure to pay was due to a misinterpretation of the judgment against him and refused to tax the defendant with court costs or award attorney fees to the plaintiff. The plaintiff appealed the trial court judgment which denied her claim for attorney fees and cast her with costs. For the following reasons, we affirm the trial court judgment.
On April 15, 1986, the plaintiff filed suit for separation from the defendant. She *836 also sought alimony and child support for the two minor children born of the marriage.
Judgment was rendered May 1, 1986, signed and filed June 2, 1986, ordering the defendant to pay $700.00 per month child support and $200.00 per month alimony pendente lite. The judgment specified that these payments were to retroactively begin on April 15, 1986 and payments were due thereafter on the 15th day of each month until further orders of the court. The judgment also imposed upon the defendant other financial obligations including mortgage payments of $857.00 per month on the former matrimonial domicile until that domicile was sold, utility bills up to $215.00 per month, the automobile note, the automobile insurance, medical insurance, and $25.00 per month for the telephone bill.
On June 13, 1986, the plaintiff filed a rule to accumulate past-due child support and alimony pendente lite and to have the defendant declared in contempt of court. Plaintiff claimed defendant's failure to pay as required by the judgment was arbitrary and capricious and requested an award of $750.00 in attorney fees.
A hearing on the rule was held June 26, 1986. The defendant testified that he began making child support and alimony pendente lite payments for the month of May, but did not make any payments for the month of April. The defendant testified he did not realize "it was a retroactive situation." The defendant said that he thought payments were to begin in May since the judgment was rendered in May. The defendant testified that he made payments every Friday beginning May 2, 1986 up to June 21, 1986, the Friday before this hearing.
The trial court found in favor of the plaintiff and made executory the sum of $1,203.18 in past due alimony pendente lite and child support. This amount covered unpaid child support and alimony pendente lite beginning April 15, 1986 and extending to July 15, 1986. However, the trial court declined to find the defendant in contempt and refused to award attorney fees to the plaintiff or to tax the defendant with the costs of bringing the rule, reasoning that defendant's failure to pay was based on an "honest interpretation or misinterpretation of the judgment."
The plaintiff appealed, arguing that the trial court erred in failing to make an award for her attorney fees and in failing to tax the defendant with costs of the litigation.
LSA-R.S. 9:305 provides:
When the court renders a judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.
Therefore, the issue before this court is whether the trial court properly found good cause for defendant's failure to make child support and alimony pendente lite payments under the terms of the judgment.
The jurisprudence interpreting LSA-R.S. 9:305 indicates that the trial court has much discretion in determining whether good cause exists for non-payment of support obligations, and that trial court decisions on this issue will not be overturned absent a showing of abuse of discretion. Hendrix v. Hendrix, 457 So.2d 815 (La. App. 1st Cir.1984); Cheramie v. Cheramie, 429 So.2d 203 (La.App. 1st Cir.1983); Nolker v. Nolker, 478 So.2d 222 (La.App. 3rd Cir.1985); Edwards v. Edwards, 446 So.2d 976 (La.App. 3rd Cir.1984); McClure v. McClure, 363 So.2d 1334 (La.App. 3rd Cir. 1978).
The jurisprudence also indicates that good cause for non-payment of support obligations exists when the defendant is not arbitrary and capricious in his failure to make payments and when there is an honest misunderstanding as to the effective date of such obligations. Oliver v. Oliver, 417 So.2d 1278 (La.App. 1st Cir.1982); Nolker v. Nolker, supra; Edwards v. Edwards, supra; Townsend v. Townsend, 421 So.2d 969 (La.App. 3rd Cir.1982); McClure v. McClure, supra; Tschirn v. Tschirn, 434 So.2d 113 (La.App. 5th Cir.1983); Melancon v. Melancon, 428 So.2d 1191 (La.App. 5th Cir.1983).
In the present case, even though the original judgment specified that payments *837 were to commence April 15, 1986, there was some dispute as to whether any amounts were owed by the defendant for the entire month of April. We also note that the defendant has made all support obligation payments since May 2, 1986 with the exception of the payment made on May 19, 1986. On that date, the defendant paid $96.82 to the plaintiff. The defendant testified that he subtracted from the $200 alimony payment due on that date the sum of $103.18, which he paid on the telephone bill in excess of the $25 he was required to pay in the judgment.
We further observe that the arrearage which was made executory in this case is based upon the amounts due retroactively for April and the amount which was to become due through the payment which was to become due on July 15.
We also think it pertinent to note that although amicable demand for payment is not required, nevertheless, there is nothing in the record to indicate that the retroactive provisions of the judgment were brought to the defendant's attention prior to the filing of the rule to make the past due payments executory. Apparently, the trial judge accepted the defendant's testimony that he was honestly mistaken about the provisions of the judgment in this case. Considering all the circumstances of this case, we cannot say that the trial judge abused his much discretion in finding that the defendant's failure to pay was the result of an honest misinterpretation of the judgment, rather than an arbitrary or capricious refusal to pay the obligation which would entitle the plaintiff to recover attorney's fees and costs. Therefore, we conclude that the trial court did not err in denying plaintiff's claim for attorney's fees, and the trial court judgment in that regard will not be disturbed.
As to the payment of court costs for the bringing of the rule, the trial court also refused to tax the costs against the defendant. In brief, the plaintiff argues that since the trial court rendered a judgment in her favor, she, as the successful party, should not be cast with the payment of costs unless she, in some way, caused unnecessary costs to be incurred. LSA-C.C. Art. 1920; Johnson v. Hendrix Manufacturing Company, Inc., 475 So.2d 103 (La. App. 2d Cir.1985); Bowman v. New Orleans Public Service Incorporated, 410 So.2d 270 (La.App. 4th Cir.1982).
Although some cases have alluded to LSA-C.C. Art. 1920 in apportioning costs in alimony and child support cases, LSA-R.S. 9:305 is the specific statute dealing with apportionment of such costs. Under that statute, the same standard used to determine whether to award attorney fees to a successful party also determines whether to tax costs to an unsuccessful litigant. Because the trial court found that the defendant's failure to pay was not arbitrary and capricious, it was entitled to exercise its discretion in determining whether to assess the court costs against the defendant. Under the circumstances of this case, we do not believe the trial court abused its discretion in failing to assess the costs against the defendant.
CONCLUSION
For the reasons stated above, we affirm the judgment of the trial court denying attorney fees and court costs to the plaintiff, Nina Dowling Harris. Costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.