LABORDE, Judge.
Edward Lee Giddings appeals an adverse judgment in favor of his former wife, Nell Rose Giddings, awarding her past due child support in the amount of $2,100. Appellant urges the trial court erred in 1) awarding Nell past due support after the litigants had allegedly entered into a stipulated judgment, and 2) failing to credit him for payments made under the original judgment awarding child support.
Finding the trial judge’s ruling supported by the record, we hold that the trial judge was correct in making the award to appel-lee. We amend the award to add attorney fees, and affirm as amended.
The litigants were divorced by judgment of court dated December 17, 1975, which ordered Edward to pay $300 per month for support of his minor children.
All parties agreed and the trial court found that Edward failed to pay child support for a period of seven (7) months, from October, 1979, through April, 1980. Accordingly, judgment was granted in favor of Nell in the amount of $2,100 plus interest at the rate of ten (10%) percent from date of demand until paid. Nell’s request for attorney’s fees was denied.
Edward appeals. Nell answered the appeal requesting affirmance and attorney’s fees.
Edward does not deny he failed to pay support for the period in question. However, he contends that the judgment of December 17,1975, was modified by stipulation in a criminal non-support hearing held October 16, 1980. The entire non-support transcript was as follows:
“Court met this date pursuant to adjournment with the Honorable Lucien C. Bertrand, Jr., Judge presiding; Sally Lane, Deputy Clerk of Court; Diana Simon, Special Assistant District Attorney; Barbara Hebert, Secretary to the District Attorney; Gerald Faul and Charles Bordelon, Child Support Enforcement Officers; Joe DiCarlo and Paul Pitt, Deputy Sheriffs all being in attendance.
STATE OF LOUISIANA ) NON-SUPPORT
VS ) The accused was
EDWARD LEE GIDDINGS ) present in open Court, represented by Lyman Gore. This matter previously set for trial this date is now being taken up. The State presented evidence and testimony to the Court by calling Nell Giddings, petitioner, who after being duly sworn by the Clerk presented testimony to the Court. The State then called Edward Giddings, who after *202 being duly sworn by the Clerk presented testimony to the Court. The Defense then offered to file and introduce into evidence Defense Exhibit #1 (W-2 Wage and Tax Statement of 1979), to which the State had no objection and the Court will so allow. After a brief discussion between the State and the Defense, the State stated that the defendant has entered into a 14:75 Oral Agreement, whereby he will pay $300.00 per month for the support of his 2 minor children until the oldest child, Sandra, reaches the age of 18, at which time payments will be reduced to $200.00 per month until the youngest child, Monica, reaches the age of 18 and then payments will be terminated. The agreement was then made an order of the Court.”
Since the non-support hearing was held in October of 1980, and Edward was already in arrears for failure to pay support for the period from October 1979 through April 1980, we find no merit to his contention. In our view the non-support agreement only re-affirmed Edward’s obligation under the December 17, 1975, child support judgment. Certainly the trial judge in the October, 1980, criminal non-support hearing had no authority to alter the December 17, 1975, judgment.
Edward next contends that he was not given credit at the rate of $25.00 per week for each child for each week of visitation with him as provided in the December 17, 1975, judgment. Edward, who was present, did not testify at trial. The only testimony of the children spending time outside the immediate custody of the mother was Nell’s. She testified that her daughter had visited her older daughter during the summer. No evidence was introduced showing the children ever spent any time with Edward, therefore, he failed to show that any credit was ever earned.
Conclusions and findings of fact reached by the trial court should be given great weight and they will not be disturbed absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We conclude that the findings of the trial court are clearly correct.
Nell answered the appeal seeking attorney’s fees, citing LSA-R.S. 9:305 which provides:
§ 305. Attorney fees in alimony and child support proceedings
When the court renders judgment in an action to make past due alimony or child support executory, except for good cause, the court shall award attorney fees and court costs to the prevailing party.
Since Edward failed to testify or failed to offer any reasonable explanation why he was in arrears when Nell filed her motion, Nell is entitled to a reasonable attorney fee. We fix the fee at $500.00. Thompson v. Courville, 372 So.2d 579 (La.App. 3rd Cir. 1979).
For the above and foregoing reasons the judgment of the trial court is amended to award $500.00 in attorney’s fees to Nell Rose Giddings and as amended it is affirmed. All costs to be paid by Edward Lee Giddings.
AMENDED AND AFFIRMED AS AMENDED.