LABORDE, Judge.
Robert Lawrence Warner, appellant, was awarded custody of Christopher. Darrell Warner and Jessica Lenore Warner, the minor children born of his marriage to Mary Grace Peters Warner, appellee, in both the judgment of separation rendered here in Louisiana and in the judgment of divorce obtained by appellee in the State of Georgia. Appellee filed a motion to set specific visitation rights with her minor children. Appellant filed a reconventional demand requesting reasonable child support. Appellant appeals an adverse trial court judgment denying his request for child support.
The issue presented on appeal is whether a non-custodial parent has the obligation to support his or her minor children, and if so, in what amount.
We hold that appellee has the obligation to contribute to the support of her minor children and we hereby fix that monthly support award at $100 per month.
The evidence shows that Grace is remarried and is presently unemployed, although she testified that she had worked as a waitress and in factories in Georgia. She is in good health, but has been unable to find a job. Her present husband has a gross income of $250 per week and a net income of $174.90 per week. Their monthly expenses total $480.58 excluding food and clothing. Grace’s present husband earns some extra money by installing carpet. They have no children.
Robert has also remarried. He and his present wife, who also works, have a gross income of $2,398 per month and a net income of $1,700. Their itemized monthly obligations, including support for the minor children, total $1,585.75.
Following the hearing on the rule the trial judge held: “For the oral reasons this day handed down the rule for child support is dismissed at movant’s costs.”
*978 The issue to be addressed is whether the trial court abused its discretion in denying appellant’s request for child support.
In Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir. 1980), writ denied, 383 So.2d 782 (La.1980), we said:
“A mutual obligation of support, maintenance, and education of children is imposed by our law on both parents. The degree of support required of each is determined by the needs of the children and the circumstances of those who are obliged to pay it. LSA-C.C. Articles 227, 230 and 231; Graval v. Graval, 355 So.2d 1057 (La.App. 4th Cir. 1978); Marcus v. Burnett, 282 So.2d 122 (La.1973); Strickland v. Strickland, 377 So.2d 537 (La.App. 3rd Cir. 1979). The customary duties performed and services rendered by a mother on a daily basis contribute substantially to the mutual obligation of support. Ducote v. Ducote, 339 So.2d 835 (La.1976). In instances where one or both of the parties have remarried the earnings of their respective spouses is to be considered in making an award for child support. In essence the court must consider, in calculating the award to be made, the totality of all pertinent circumstances. Marcus v. Burnett, supra.”
As stated above, the law imposes upon parents the mutual obligation of their children’s support, maintenance and education. It is well-settled that this obligation does not terminate for one parent upon an award of custody in favor of the other parent. This being so, we hold that the trial court erred in denying appellant’s request for child support. We feel that a minimal contribution by the appellee is justified in this case.
To arrive at the degree of support required in the present case, we must refer to the needs of the minor children and the circumstances of their parents.
As mentioned above, their mother testified that she was healthy and capable of working and had in fact been employed in the past. She indicated she was waiting for work to start at her former place of employment. It seems reasonable that she should obtain either part-time or full-time employment in order to discharge her obligation of assisting in the support, maintenance and education of her children.
In addition, although the record does not include the judgment fixing visitation rights, we assume appellee was granted reasonable visitation privileges. The burden of providing at least some minimal support is slight considering the benefits and privileges gained from exercise of these visitation rights. Appellee’s desire to exercise her visitation rights with her children should also indicate her desire to contribute toward their welfare for their benefit. We will give her the opportunity to do so by fixing a child support award for her two children in the amount of $100 per month.
Accordingly, the trial court judgment denying appellant’s request for child support is reversed and it is now ordered that appel-lee, Mary Grace Peters Warner, pay child support for her two children in the amount of $100 per month. Appellee is taxed with costs of this appeal.
REVERSED AND RENDERED.