AUGUSTINE, Judge.
This is an action for breach of contract, brought by Charles Me Donald against Ruth Ann Menutis. The case is presented for our review to determine whether it is barred by the doctrine of res judicata.
Previous litigation between the parties concerned the following facts:
Charles Me Donald had leased certain property at 235 Bourbon Street from Leon Touzet, the owner. As lessee, McDonald then entered a managerial contract with Ruth Ann Menutis, whereby it was agreed that Menutis would assume full managerial and operational responsibilities of a retail clothing store operating on the premises under the name “Molly Dee”.
By the terms of the contract, McDonald agreed to pay the rent on the premises and the wages of those employed by Molly Dee. In return, Menutis promised to pay McDonald $4,200 per month from the revenues of the store.
In the months that followed, Me Donald was unable to comply with the financial obligations of his lease. The lessor, Leon Touzet, sued for eviction, and Me Donald filed a reconventional demand against Touzet, also naming Menutis as a third-party defendant.
McDonald’s pleadings contained the following allegations:
“XVI
That Menutis and Playgirl Shops of America, Inc., did breach their managerial contract with McDonald in order to force McDonald to lose his lease with Touzet.
That Touzet, Menutis and Playgirl Shops of America, Inc., did conspire together in order to force McDonald to lose his lease. *2 That as a result of this conspiracy, McDonald was unable to comply with the lease with Touzet and was evicted from the premises at 235 Bourbon Street.
That McDonald suffered damages as a result of the aforesaid conspiracy, as follows:
Loss of lease of 235 Bourbon
Street. $20,000.00
Loss of business located at 235
Bourbon Street. 830.000.00
Total. $50,000.00”
The defendants filed an exception of no cause of action, which was sustained by the trial court. The Fourth Circuit Court of Appeals was asked to decide the following issue stipulated by the parties:
Was the pleading by the defendant (McDonald) of the reconventional demand and the third-party demand, as amended, sufficient to plead fraud and conspiracy on the part of plaintiff and third-party defendant?
It was held that McDonald’s allegations lacked sufficient particularity to define a cause of action for fraud, as required by La.Code of Civil Proc. Art. 856. Me Donald’s petition erred in that it did not allege fact, but rather a legal conclusion, i.e., that Menutis had breached her contract.
McDonald then filed the present action against Menutis for breach of the managerial contract, alleging that Menutis breached the agreement by her failure to make any of the monthly payments of $4,200.00.
Defendant Menutis urged the exception of res judicata under CCP Art. 927, which was sustained by the trial court. We reverse.
The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality. La.Civil Code, Art. 2286.
We find that two critical identities required for res judicata are absent.
The causes of action are not identical. In the previous suit, McDonald’s action was for damages resulting from defendant’s fraud and conspiracy, and thus sounded in tort. McDonald’s allegation of breach of contract was not the focus of his claim but rather was intended to inform the court and the defendant of the manner in which the fraud was perpetrated and to explain how the damages came about. The appellate court rightly decided that McDonald’s allegations of a legal conclusion, “breach of contract”, cannot satisfy the requirement that fraud be pleaded with factual particularity. The court clearly did not decide any rights arising directly out of the contract, nor was it able to do so, because the cause of action was not on the contract, but in tort.
In the present suit, McDonald’s cause of action is the alleged breach of contract by Menutis. Whereas McDonald had previously alleged breach as merely explanatory of the principal allegations of fraud and conspiracy, it is clear that in the present suit, the allegation of breach composed the heart and the entirety of McDonald’s claim. There the obligation sought to be enforced was the defendant’s legal duty to refrain from causing financial injury through fraud; here the plaintiff seeks to enforce a contractual obligation to pay $4,200.00 per month.
Nor is there identity of the thing demanded. In the first suit, Me Donald’s demand was for damages resulting from Menutis’ fraud, i.e., loss of the lease and loss of the business. In the present suit, McDonald demands of Menutis $25,200.00, which represents six monthly payments of $4,200.00 which petitioner alleges to have never been paid by the defendant, as required by the contract.
Appellant has failed to demonstrate to this court two critical identities required by the doctrine of judicata, Art. 2286.
Accordingly, we reverse the judgment of the trial court and remand for proceedings consistent with our determination.
REVERSED AND REMANDED.