421 So.2d 969 (1982)
Patricia Ann Campbell TOWNSEND, Plaintiff-Appellant,
v.
Earl K. TOWNSEND, Defendant-Appellee.
No. 82-151.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
Rehearing Denied December 2, 1982.
*970 James L. Fortson, Jr., Shreveport, for plaintiff-appellant.
Kelly & Salim, Donald G. Kelly, Natchitoches, for defendant-appellee.
Before CULPEPPER, GUIDRY and LABORDE, JJ.
LABORDE, Judge.
Appellant, Patricia Ann Campbell Townsend sued her previous husband, Earl K. Townsend, for an increase in child support, accrued alimony, contempt of court, and attorney's fees. The trial court denied each of appellant's demands. We affirm the rejection of the increase in child support, of contempt and of attorney's fees, but reverse the refusal to make executory the accrued child support payments.
Patricia appeals the lower court's decision. The issues presented on appeal are: 1) Did the trial court err in rejecting Patricia's claim for accrued alimony? 2) Did the trial court err in failing to hold Earl Townsend in contempt of court? 3) Did the trial court err in its denial of an increase in child support? 4) Did the trial court err in refusing to award attorney's fees and costs to Patricia?
This couple obtained a judicial separation in May of 1979. The judgment awarded Patricia the custody, care and control of the minor children born of the marriage.[1] Earl was ordered to pay child support of $200.00 per month, plus an additional $150.00 per month as alimony for the maintenance and support of Patricia.
On April 11, 1980, Earl filed for a divorce based upon having lived separate and apart for more than one year. The petition sought to maintain the child support at the same rate as in the separation judgment. Patricia reconvened for an increase in child support of $500.00 per month, apportioned $250.00 per child.
The trial court rendered a judgment of divorce on May 9, 1980, which ordered Earl to pay $200.00 per month in child support and $150.00 per month in alimony.
Earl, after the payment due on August 15, 1981, discontinued the payment of the alimony in favor of Patricia Townsend without any judicial action whatsoever and solely upon his own initiative. In the judgment of May 9, 1980, the parties to this proceeding consented to the phraseology and form of the decree. On November 3, 1981, Patricia instituted the initial proceeding by filing a petition for contempt and a rule to make alimony arrearages executory, to increase child support, and to obtain attorney's fees. After trial on this rule nisi, the trial court rendered judgment denying all demands of plaintiff-in-rule, Patricia.
There is a dispute as to the meaning of the following language in the divorce decree:
"... said sum to continue until such time as same shall become unnecessary within the meaning of Article 160 of the Louisiana Civil Code ...".
*971 Earl argued in the trial court that the parties specifically agreed prior to and in contemplation of the judgment that the said alimony agreed to would cease automatically upon appellant either gaining employment, obtaining a degree in her present course of studies or upon remarriage, whichever event may occur sooner. Patricia argues that prior court approval is necessary to terminate the alimony payments. The trial court in enforcing the divorce judgment interpreted the disputed phraseology as meaning the alimony payment to Patricia Townsend automatically terminated upon her gaining employment. We disagree. From its nature, this question falls within Louisiana Civil Code Article 232:
"When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted." (emphasis added)
Earl bases his argument on the theory that the language in the judgment allows the alimony to be terminated without court approval. In essence, his argument is that the trial court enforced the judgment as written. A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent, thereby putting an end to a lawsuit with each party balancing the hope of gain against the fear of loss. LSA-C.C. Article 3071. A consent judgment is a determination of the right of the parties and it acquires the authority of the thing adjudged. LSA-C.C. Article 3078. In our view, the following language does not constitute a clear expression of when the alimony will be terminated:
"... said sum to continue until such time as same shall become unnecessary within the meaning of Article 160 of the Louisiana Civil Code ...".
The language of the judgment does not designate how or when the alimony will be terminated. Absent a clearly worded, express and unequivocal clause to this effect, this court is unwilling to hold that the alimony is automatically terminated without prior suit. Support for this rule is found in a proper regard for the integrity of judgments. Such a regard does not condone a practice which would allow those cast in judgment to invoke self-help and unilaterally relieve themselves of the obligation to comply. To condone such a practice would deprive the party in whose favor the judgment has been rendered of an opportunity to present countervailing evidence, and at the same time deny the judge of an opportunity to review the award.
It is our view that the alimony payments were not automatically terminated. Therefore, the issue arises whether Patricia is entitled to have past due alimony made executory. The jurisprudence is well settled that a judgment for alimony, as to the amount that has become past due, is the property of him in whose favor it has been given, and is protected against alterations or annulment except by the method and for the causes prescribed by law. This liability cannot be avoided by simply claiming that the alimony was not due, since a reduction of alimony or a discharge from the obligation to pay may be granted only from and after the time when it is sought by suit or in answer to a suit to enforce payment. Halcomb v. Halcomb, 352 So.2d 1013 (La. 1977).[2] The court must award such a judgment when properly applied for. LSA-C. C.P. Article 3945.
The record discloses that Earl owes past due alimony. The judgment of May 8, 1980, ordered Earl to pay $150.00 on the 15th of each month, beginning May 15, 1980. Based on Patricia's account of payments which was not contradicted or questioned by Earl, the discrepancy between the alimony set forth in the judgment and the payments actually made was $300.00. For the foregoing reasons we amend the judgment of the trial court to grant Patricia the $300 past due alimony.
*972 We affirm the trial court's denial of contempt and of attorney's fees. Earl was in good faith when he terminated the alimony. The trial court concluded the parties had an agreement as to when the alimony would terminate. The parties agreed that the alimony would automatically terminate upon the appellant gaining employment. However, the wording of the agreement in the judgment is too ambiguous to enforce. Therefore, the record discloses Earl had just and proper cause in not making the payments. LSA-R.S. 9:305, Giddings v. Giddings, 412 So.2d 200 (La.App. 3rd Cir.1982).
The issue next presented on appeal is whether the trial court abused its discretion as to the amount awarded for child support. Patricia requested an increase in child support based on the ability of Earl to pay. A mutual obligation of support, maintenance and education of children is imposed by our law on both parents. The degree of support required of each is determined by the needs of the children and the circumstances of those who are obliged to pay it. In essence the court must consider, in calculating the award to be made, the totality of all pertinent circumstances. Warner v. Warner, 413 So.2d 977 (La.App. 3rd Cir.1982); LSA-C.C. Article 231. There is no limitation in Louisiana Civil Code Article 231 which would preclude considering expenses of the second marriage of the husband in determining his liability for child support of children of his first marriage. Marcus v. Burnett, 282 So.2d 122 (La.1973). The Louisiana jurisprudence establishes that a consent judgment of child support is not subject to modifications unless a change of circumstances supporting the modification is proved. The change in circumstances must occur during the period of time between the date of the consent judgment and the date of the rule for modification of the award of child support and alimony. Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973). Patricia argues that the following language in the judgment does away with the necessity of showing changed circumstances:
"... To apply for an increase in same without the necessity of proving a change in circumstances ..."
A consent judgment is a determination of the right of the parties and it acquires the authority of the thing adjudged. LSA-C.C. Article 3078. Giving effect to the above phraseology does not limit the requirement of the court to consider the totality of all relevant circumstances.
Patricia is employed at Baptist Christian Academy and is earning $615.12 net per month. Earl is earning approximately $1,413.91 per month. Additional information disclosed by the record is: 1) Earl has remarried and has expenses of this second marriage, 2) his home was destroyed by fire prior to the initial proceeding. The trial judge, considering the totality of all the circumstances and in the wide discretion accorded in such cases, concluded that there should be no increase in child support provided by Earl. Our review of the record does not disclose error in this conclusion.
For the above and foregoing reasons, the judgment of the district court denying Patricia Ann Campbell Townsend's motion to make past due alimony executory is reversed and it is now ordered that Earl K. Townsend pay $300.00 in past due alimony, plus legal interest beginning from the date when each alimony payment was due until paid. In all other respects the judgment is affirmed. The costs of appeal are assessed to both parties in equal proportions.
AMENDED: AFFIRMED AS AMENDED.
NOTES
[1] Dana Kellie Townsend and Bonnie Renee Townsend.
[2] This rule has been modified to some extent by Dubroc v. Dubroc, 388 So.2d 377 (La.1980); see also Lachney v. Lachney, 399 So.2d 731 (La.App. 3rd Cir.1981).