486 So.2d 1044 (1986)
J.W. McLAIN, Plaintiff-Appellant,
v.
Margaret Earlene Hutchinson McLAIN, Defendant-Appellee.
No. 17638-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
*1045 Roland V. McKneely, Jr., Bossier City, for plaintiff-appellant.
Bodenheimer, Jones, Klotz & Simmons by J.W. Jones, Shreveport, for defendant-appellee.
Before HALL, C.J., and SEXTON and LINDSAY, JJ.
HALL, Chief Judge.
Plaintiff, J.W. McLain, appeals from the judgment of the trial court in favor of defendant, Margaret McLain, sustaining defendant's peremptory exception of res judicata in plaintiff's action to partition community property. For the following reasons, the judgment of the trial court is affirmed.
In July, 1981, Mr. McLain filed suit for legal separation. Mrs. McLain answered and reconvened for a separation and for alimony pendente lite. Each party prayed to be recognized as the owner of an undivided one-half interest in the community property. Upon trial of the rule for alimony pendente lite, judgment was rendered on July 30, 1981 awarding alimony pendente lite and further providing in pertinent part as follows:
THIS CAUSE, having come on regularly for trial on a rule nisi, evidence adduced, and the Court considering the law and evidence being in favor thereof, for reasons orally assigned, and by further reason of the agreement of the parites [sic] hereto....
IT IS FURTHER ORDERED, ADJDUGED [sic] AND DECREED that the plaintiff in rule, MARGARET EARLENE HUTCHINSON McLAIN, shall have the use of the family home and household furniture and that after a legal separation or divorce is granted in these proceedings, defendant in rule will transfer all of his right, title and interest in and to the house and lot and equity to the plaintiff in rule, together with the household furniture and the 1978 Monarch automobile and the plaintiff in rule will assume the notes on the home and that the plaintiff in rule will transfer to the defendant in rule her interest in the 1978 Ford Granada, the Eldocraft boat and Mercury motor and trailer, the toy car and trailer and the defendant in rule shall obtain his personal clothes and belongings from the former matrimonial domicile. (emphasis added)
*1046 No separation judgment was ever rendered. In July, 1982, Mr. McLain filed a petition for divorce grounded on living separate and apart for one year. Mrs. McLain answered and reconvened for a divorce on the grounds of adultery and for alimony. Judgment was rendered in February, 1983 granting Mr. McLain a divorce and awarding Mrs. McLain alimony. Community property was not mentioned in the judgment.
On May 7, 1985, plaintiff filed a petition for the partition and accounting of community property alleging that the community of acquets and gains previously existing between the parties had not been partitioned. Defendant filed an exception of res judicata asserting that the community property had in fact been partitioned by the July, 1981 judgment and thus the matter had been adjudicated. The trial court sustained the defendant's exception and dismissed the plaintiff's action for a partition insofar as it affected the ownership of those items adjudicated in the judgment on the rule.
On appeal, the sole issue before this court is whether the July, 1981 judgment dividing community property constituted a partition and thus would act to bar any subsequent action for a partition of the property dealt with in the judgment.
Res judicata is a presumption established by law which is defined as the authority which the law attributes to the thing adjudged. Zeringue v. Zeringue, 442 So.2d 1211 (La.App. 5th Cir.1983), writ denied, 445 So.2d 1229 (La.1984). The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The requisites of the "thing adjudged" are: the thing demanded must be the same, the demand must be founded on the same cause of action, the demand must be between the same parties and formed by them against each other in the same quality. LSA-R.S. 13:4231, formerly LSA-C.C. Art. 2286; Lowe v. Rivers, 445 So.2d 105 (La.App. 2d Cir.1984); Emory v. Gardner, 415 So.2d 339 (La.App. 2d Cir. 1982); Orgeron v. Loop, Inc., 433 So.2d 278 (La.App. 1st Cir.1983); Randall v. Jena Wire and Cable Co., 415 So.2d 564 (La.App. 3d Cir.1982), and McDonald v. Menutis, 417 So.2d 1 (La.App. 4th Cir. 1982). Under Louisiana law, relitigation of the object is barred when there is: (1) identity of the thing demanded; (2) identity of the cause of action; and (3) identity of the parties. Safeco Ins. Co. of America v. Palermo, 436 So.2d 536 (La.1983) and Emory v. Gardner, supra. Res judicata is stricti juris and each element must be present in order to maintain a plea of res judicata; the absence of any of the identities is fatal. Emory v. Gardner, supra and Mai v. Mai, 419 So.2d 1251 (La.App.3d Cir.1982), writ denied, 420 So.2d 970 (La. 1982). The thing adjudged is said of that which has been decided by final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been affirmed on appeal. LSA-C.C. Art. 3556 (31); Zeringue v. Zeringue, supra and Randall v. Jena Wire and Cable Co., supra.
On appeal the plaintiff-appellant argues that because the pleadings filed by the parties did not specifically demand a partition of community property, the language of the judgment whereby such relief was granted cannot form the basis of a plea of res judicata as there is no identity of things demanded.
While the record does not contain a transcript of the trial on the rule, the judgment specifically notes it was rendered in accordance with the agreement of the parties. Accordingly, it appears from the face of that judgment that it was, at least in part, a "consent judgment" which went beyond the scope of the pleadings and the demands contained therein.
A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. LSA-C.C. Art. 3071; See also Chaisson v. Chaisson, 454 So.2d 890 (La. App. 4th Cir.1984); Braning v. Braning, *1047 449 So.2d 670 (La.App. 4th Cir.1984), and Townsend v. Townsend, 421 So.2d 969 (La. App. 3d Cir.1982), writ denied, 427 So.2d 1211 (La.1983). A consent judgment is a determination of the rights of the parties and acquires the authority of the thing adjudged. LSA-C.C. Art. 3078; Townsend v. Townsend, supra.
A consent judgment is, by its very nature, an agreement between the parties to resolve their differences and as such, it is not limited by the pleadings. In other words, while the relief granted by the courts is limited by the demands of the parties, the parties can, by agreement, expand on that authority by means of a consent judgment.
As noted above, the judgment specifically states that it is based, at least partially, on the agreement of the parties which was apparently the result of previous negotiations. Thus, while the partition of the community property may not have formed a demand of the pleadings, it was apparently agreed upon by the mutual consent of the parties and recited in open court without objection. Therefore, this agreement formed and recited by the parties and approved and acknowledged by the court constituted a valid and enforceable portion of the judgment. Thus, there is identity of the thing demanded in the former action and in the instant case. For this reason, further litigation on the issue of the partition of the assets partitioned by the previous judgment is barred by res judicata as the strict requirements of res judicata have been met. Plaintiff's action for an accounting and for partition of any community property not listed in the previous judgment remains viable and pending.
The plaintiff-appellant further argues that the partition portion of the judgment was premature as it was rendered before the parties were legally separated or divorced and before the community was dissolved.
The judgment specifically provided that the partition would be effective after a legal separation or divorce between the parties, which subsequent event occurred. Furthermore, as plaintiff did not appeal and the judgment is now final, plaintiff's only remedy is to seek to annul it, under the grounds applicable to annulment of judgments. Thus, absent a direct attack on the validity of the prior judgment, this argument need not be addressed on this appeal.
For these reasons, the judgment of the trial court is affirmed at the cost of plaintiff, J.W. McLain.
AFFIRMED.