529 So.2d 877 (1988)
Gary Wayne ADAMS
v.
Emelda Viviano ADAMS.
No. 88-CA-0573.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1988.
Rehearing Denied September 14, 1988.
Sidney D. Torres, III, Gregory J. Noto, Salvador J. Randazzo, Roberta L. Burns, Chalmette, for appellant.
Wayne J. McDougall, Jr., Chalmette, for appellee.
Before GULOTTA, C.J., and GARRISON and PLOTKIN, JJ.
PLOTKIN, Judge.
This appeal results from a judgment granting permanent alimony after divorce to Mrs. Emelda Viviano Adams, who previously confected a compromise in open court. The compromise, which was reduced to a consent judgment waived her right to future alimony. We conclude that the compromise confected in open court is binding upon the parties and that her agreement to waive alimony precludes her from receiving permanent alimony.
On May 23, 1985, Gary Adams filed a petition for separation. Emelda Adams filed an answer and reconventional demand on June 6, 1985 which Mr. Adams answered July 15, 1985, and on November 7, 1985, Mrs. Adams was granted a legal separation. Although the separation was silent as to alimony, Mr. Adams made payments of $480.00 per week to Mrs. Adams until sometime in January, 1986. On January 27, 1986, Mrs. Adams filed a rule for alimony which was heard on February 28, 1986. At that hearing the parties entered into a consent judgment. The transcript of the hearing reveals the following:
By The Court:
This is on Page 2, Adams vs. Adams. Show Mr. Randazzo here representing Mr. Adams, Gary Adams, and Mr. *878 McDougall representing Emelda Viviano Adams. Let the record also reflect both parties are present in Court.
By Mr. McDougall:
This was a rule for alimony that was filed on behalf of Mrs. Adams by herself. We have worked out an agreement whereby Mrs. Adams waives her right to future alimony, based on the affidavit Mr. Adams and his attorney, Mr. Randazzo will file in evidence as an exhibit, and based upon the proposed community property settlement agreement whereby Mr. Adams will transfer his entire interest in the community home to Mrs. Adams. She will assume the mortgage on the homemortgage in favor of debt in favor of her parents. He will also transfer to her the 1978 automobile and the furniture in the home, and she will be entitled to one-half of the income tax return refund for 1985.
By The Court:
Do you have any idea what that will be?
By Mr. McDougall:
No.
By The Court:
50/50 of whatever it is.
By Mr. McDougall:
Of the return, yes. Also, Mr. Adams will get his motorcycle and his tools, and he will assume the credit card accounts which are outstanding in the community debts.
By The Court:
All credit card accounts?
By Mr. McDougall:
Yes. And, he will get the bedroom set which was his prior to the marriage.
By The Court:
Anything else?
By Mr. McDougall:
No.
By The Court:
That is your understanding, Mr. Randazzo?
By Mr. Randazzo:
Yes. I would like to enter into the record an affidavit of income and expenses, prepared by my client, as D-I.
By The Court:
Let it by entered. Did you hear the agreement?
By Mr. Adams:
Yes.
By Mrs. Adams:
Yes.
By The Court:
Do you both agree to the agreement?
By Mr. Adams:
Yes.
By Mrs. Adams:
Yes.
By The Court:
Please prepare the consent judgment.
On March 17, 1986, a judgment was rendered which restated the agreement reached by the parties at the hearing on February 28, 1986.
Mr. Adams filed a petition for divorce on June 13, 1986, based on living separate and apart for more than six months from the date of the legal separation and on July 23, 1986, a default judgment was rendered on Mr. Adams' petition.
Mrs. Adams filed a rule for alimony after divorce on July 1, 1987. She argued that the consent judgment was an agreement to agree and was never perfected because Mr. Adams never signed an Act of Settlement of Community which transferred his interest in the community home to her; therefore, she had a right to alimony. (Between July, 1986 and July, 1987, Mrs. Adams lost the home in foreclosure.) Mr. Adams filed an exception of res judicata and/or no right of action. The district court rendered judgment for Emelda Adams, condemning Gary Adams to pay alimony of $300 on the first of each month and $275 on the 15th of each month. Mr. Adams appeals.
The issue presented is whether Emelda Adams was estopped from asserting her claim to permanent alimony because she waived her claim for alimony in a consent judgment read in open court and reduced to judgment on March 17, 1986.
The matter is governed by LSA-C. C. articles 3071 and 3078. Article 3071 states:

*879 A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing. This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.
Article 3078 provides:
Transactions have, between the interested parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion. But an error in calculation may always be corrected.
The judgment in the case at bar was agreed upon by mutual consent of the parties, was approved by the court and thus became a valid, enforceable judgment. Compromise agreements between parties to avoid litigation are favored by law. Courts will not declare a settlement void without a clear showing that it violates good morals or public interest. Meinerz v. Treybig, 245 So.2d 557 (La.App. 3rd Cir. 1971) writ denied 258 La. 580, 247 So.2d 395.
In McLain v. McLain, 486 So.2d 1044 (La.App. 2d Cir.1986), a case very similar to the case at bar, a couple in court for a rule on alimony pendente lite agreed to the partition of the community. Several years later and after a divorce had been granted, Mr. McLain filed a petition for partition of the community property. Mrs. McLain filed an exception of res judicata which was sustained by the trial court. On appeal the Second Circuit affirmed, finding that the agreement of the parties which was acknowledged by the court constituted a valid and enforceable judgment.
Like Mr. McLain, Mrs. Adams is bound by the agreement recited and acquiesced to in court. She waived her right to permanent alimony. Her remedy to enforce the valid consent judgment was to bring a rule to compel Mr. Adams to sign the Act of Settlement of Community. Compromise settlements are not invalidated lightly in the absence of bad faith, error, or fraud. Succession of Teddlie, 385 So.2d 902 (La.App. 2d Cir.1980); Succession of LaHaye, 361 So.2d 1351 (La.App. 3rd Cir. 1978).
It is the public policy of our judicial system to provide an unalterable method to terminate litigation. The Louisiana Supreme Court has consistently held that legally confected in-court judicial settlements are binding. Collins v. Capital Valve and Fitting Co., 409 So.2d 579 (La.1982); Felder v. Georgia Pacific Corp., 405 So.2d 521 (La.1981). Therefore, as a matter of public policy, Mrs. Adams' court confected compromise prevents her from relitigating the alimony issue. The exception of no cause of action filed by Mr. Adams is sustained.
The issue of sufficiency of alimony is not addressed because of maintenance of the exception.
Accordingly, for reasons assigned, we reverse the judgment of the trial court.