KLIEBERT, Judge.
The sole issue in this appeal is whether the stipulation upon which the judgment was based provided for the payment of interest on the alimony arrearage from the hearing date forward or on each monthly installment from the date on which it would have been due. Following a hearing the trial court concluded interest was due from the hearing date forward and rendered judgment accordingly. We affirm.
Following definitive divorce and support judgments, Mrs. Impastato, defendant-appellant, filed a Rule for Contempt, Past Due Support, and Assignment of Wages against Mr. Impastato, plaintiff-appellee. The matter was heard June 22, 1989 and the parties entered into the following stipulations on the record.
“MR. D’ANTONIO: (for Mr. Impastato)
Your Honor, at this time we’d like to enter into a stipulated judgment whereby Mrs. Impastato will receive alimony in the amount of $700.00 commencing January 1, 1987.
We are also in agreement whereby Mr. Impastato will be given credit for all house payments paid from January of 1987 until July of 1987.
We also agree any payments made by Mr. Impastato, that is, house payments, insurance or whatever, from July of 1987 to-date will be given credit to Mr. Impastato.
MS. MONTERO: (for Mrs. Impastato)
We agree with that, Your Honor, and other than that, there will be no credits given and the total amount of arrearage on the rule for past due support then is $22,200.00[1] plus interest from the due date; each payment subject to the credits which Mr. D’Antonio has just stated.
MR. D’ANTONIO:
That’s correct, Your Honor ...”
Thereafter, counsel for Mrs. Impastato prepared the judgment and submitted it to counsel for Mr. Impastato for approval. Counsel for Mr. Impastato objected to the judgment as written and demanded the judgment reflect the interest was due from June 22, 1989, the hearing date, instead of from the “due date of each payment.”
Mrs. Impastato then ruled Mr. Impastato into court to compel his signing of the judgment as she had prepared it. Following hearing, the trial court determined the stipulated phrase “plus interest from due date” referred to the date of the judgment *32 on arrearages, June 22, 1989, and rendered judgment accordingly.
While it is true that had the issues been tried and the court found past alimony was due, the defendant-appellant would have been entitled to interest on the past due alimony as of the date each individual payment became due. However, the issues of whether past due alimony was due and the amount thereof were contested issues and therefore subject to a compromise.
As observed by the court in Adams v. Adams, 529 So.2d 877 (4th Cir.1988), writ denied, 533 So.2d 363 (La.1988), Article 3071 of the Civil Code provides as follows:
“A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaming, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form.”
Compromise, agreements are contracts and should be construed according to the true intent of the parties. Maltby v. Gauthier, 526 So.2d 455 (5th Cir.1988), writ denied, 531 So.2d 474 (La.1988). The intent of the parties is determined by the words of the contract when they are clear, explicit, and lead to no absurd consequences. Civil Code Article 2046.
We take particular note of the wording used by counsel for defendant-appellant, i.e., “... $22,200.00 plus interest from the due date.” Due date being singular and not plural. Had it been the intention of the parties to include interest on the past due alimony on the monthly amounts as each one came due counsel could have so stated, or at the very least, used "due dates” instead of the “due date.” Further, we note that the $22,200.00 was an incorrect amount and later corrected to $21,-000.00, the amount agreed to in the compromise. However, there was no correction or amplification of the interest agreed on in the compromise agreement other than legal interest on the lump sum settlement from the date of compromise.
Moreover, the trial judge here was privy to all discussions and was in the best position to know and judge the intentions of the parties at the time the compromise was entered into. Except in cases of manifest error, his decision should not be disturbed. Considering the language used in effecting the compromise we cannot say he erred. Accordingly, we affirm his judgment.
AFFIRMED.

. The parties subsequently agreed the proper amount of the arrearage under the stipulation was $21,000.00.