**In the Matter of Janine M. Ziegler STOUDER aka Marie Ziegler Barbot, Debtor/Appellant.**

**Civ. A. No. 93–2978.
Bankruptcy No. 90–10874–JAB.**

United States District Court,
E.D. Louisiana.

Jan. 20, 1994.

John M. Holahan, New Orleans, LA, for debtor/appellant.

Carl A. Dengel, pro se.

Claude A. Schlesinger, Guste, Barnett & Shushan, New Orleans, LA, for Michael D. Barbot.

### OPINION

PATRICK E. CARR, District Judge.

The debtor/appellant in this Chapter 7 Bankruptcy matter appeals the Bankruptcy Court's Order which granted in part debtor's motion to expunge a claim filed by the debtor's former spouse against the bankruptcy estate, and modified the claim to allow one

half of the contested claim. After examination of the briefs, the whole record, and the law, this Court has determined that oral argument is unnecessary. The Court now **AFFIRMS** the Bankruptcy Court's ruling in part, and **MODIFIES** it in part.

### I.

█ This Court has appellate jurisdiction by virtue of 28 U.S.C. § 158(a). The Bankruptcy Court's findings of fact are set aside only if they are clearly erroneous. Bankruptcy Rule 8013. Conclusions of law are reviewed *de novo. Matter of Killebrew,* 888 F.2d 1516, 1519 (5th Cir.1989).

### II.

This matter evolved from what has apparently been a hotly contested divorce and post-divorce proceeding now in the seventh year of litigation. Janine Ziegler (Janine), and Michael Barbot (Michael), were married in 1978. In September of 1986, Janine filed suit for separation. Her petition for separation was granted in the latter part of 1987, along with a divorce. (Janine has since remarried.) The termination of the community regime was retroactive to the date the petition was filed in 1986.

On November 30, 1989, a consent judgment was rendered in the 24th Judicial District Court in Jefferson Parish, Docket No. 333–402, styled Michael D. Barbot versus Janine Ziegler Barbot Stouder, Divorced Wife of Michael D. Barbot.[1] That judgment reads, in part, as follows:

This cause came on to be heard this 27th day of November, 1989 on motion of Michael D. Barbot and this judgment being rendered *with concurrence of defendants, Janine Ziegler Barbot Stouder,* Morris Kirschmann & Company, and Riverside Financial Corporation, ...

\* \* \* \* \* \*

IT IS ORDERED that the said Rule be made absolute and accordingly that the immovable property belonging to the community existing between Michael D. Bar-

bot and Janine Ziegler Barbot Stouder located at 717 Mary Lane, River Ridge, Louisiana, be sold at private sale at the terms and conditions set forth in the purchase agreement and addendums annexed to the Petition for Partition filed in these proceedings and marked as Exhibit A.

IT IS FURTHER ORDERED that *by consent* the following creditors of defendant, Janine Ziegler Barbot Stouder, are to receive a portion of her one-half share of the proceeds of the sale of the above described immovable property....

IT IS FURTHER ORDERED that the remaining portion of the proceeds of the sale of the above described immovable property belonging to defendant, Janine Ziegler Barbot Stouder, be deposited into the registry of the court pending further proceedings.

\* \* \* \* \* \*

IT IS FURTHER ORDERED that Michael D. Barbot be and he is hereby recognized as the owner of an undivided one-half interest in the above described immovable property and he is thereby entitled to receive one-half of the sale proceeds at the act of sale pending a final partition of the community.

Barbot Ex. 2 (emphasis supplied).

The sale was to satisfy three judgment liens which had been recorded against Janine. The encumbrances recorded against the property were cancelled under the terms of the judgment. The sum of $13,165.99 remained after satisfaction of the liens, $1000.00 of which was what was left of Janine's one-half share, and $12,156.99 that was Michael's one-half share.[2] The notary's settlement statement was dated December 15, 1989, and the funds disbursed to the three judgment creditors on December 18.[3] Michael's remaining one-half share was not disbursed to him for reasons not apparent from the record before the court. By order of the court on January 30, 1990, that entire $13,-165.99 was paid to Michael's attorney with

---

1. Barbot Ex. 2.

2. Barbot Ex. 1.

3. *Id.*

instructions that the funds be held in a trust account.

On March 20, 1990, Janine filed for personal bankruptcy. She listed as her personal property an undivided one-half interest in the proceeds from the sale of the property of the former community, to wit, the $13,156.99 remaining from the sale of the former community residence.[4] Those funds were ordered paid into her bankruptcy estate, and are the *only* asset of the estate.

Michael filed a proof of claim for the entire amount to recover what he believed to be his separate property from the partition of the former community property. On April 1, 1993, the Bankruptcy Court denied Michael's request that his claim be ranked ahead of the other unsecured creditors of the bankruptcy estate. The Janine subsequently filed a motion to expunge Michael's claim.

### III.

After a lengthy hearing, the Bankruptcy Court found that there had been no final partition of the former community property between Michael and Janine. Relying on 11 U.S.C. 541(a)(2)[5] and *In re Hendrick*, 45 B.R. 976 (M.D.La.1985),[6] the judge held that the property of the unpartitioned former community was properly included in the bankruptcy estate of the debtor/former spouse. He then held that Michael had a valid claim against the bankruptcy estate, but only to the extent of an undivided one-half interest in the residual funds from the sale of the former community property. The Bankruptcy Court expunged one-half of Michael's claim, reducing it to $6,583.00.

Janine brought this appeal asserting several alleged errors in the Bankruptcy Court's decision. The essence of the debtor's assignment of errors is that this matter involves only an unresolved community property dispute, and the proper resolution is for the Bankruptcy Court to return whatever excess funds of the former community remain in the bankruptcy estate, one-half to each former spouse, after all creditors of the estate are paid.

Michael did not cross-appeal, but filed a brief in support of the Bankruptcy Court's decision. His brief continues to assert that the community had been settled as between the two parties and their attorneys even though a judicial settlement had not been entered.

### IV.

■ Like *In re Hendrick*, this case involves the interrelationship of Louisiana community property law and federal bankruptcy law. State substantive law determines the validity of a creditor's underlying claim and obligations, but whether a creditor is allowed to enforce a claim is a matter of federal law and the bankruptcy court's exercise of its equitable powers. *Matter of Ford*, 967 F.2d 1047, 1049–50 (5th Cir.1992) (citations omitted), *r'h'g denied*, 974 F.2d 1337. Louisiana law determines the property rights and liabilities of the former community property regime. *In re Hendrick*, 45 B.R. at 982.

### A.

At the hearing on Janine's motion to expunge Michael's claim, the parties aired at great length their disputes as to the property of the former community. The Bankruptcy Court found that the community had not been partitioned, judicially or otherwise. The Court concludes, after a review of the

---

4. Record doc. 1, Schedule B–2.

5. Title 11 U.S.C. § 541(a)(2) directs that the bankruptcy estate is to include all interests of the debtor and the debtor's spouse in community property as of the commencement of the case when that property is "liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable."

6. *In re Hendrick*, like this case, involved a bitterly disputed contest between former spouses relative to the bankruptcy of one former spouse, when the community regime had long since been terminated, but the former community property had not been partitioned. The Bankruptcy Court held that "community property" for purposes of § 541(a)(2) must include all of the property of the former community existing between the former spouses, *absent a partition*, notwithstanding the fact that the community property regime had been terminated prior to the filing of the bankruptcy petition. *Id.* at 983–84.

testimony and the record, that that finding is not clearly erroneous as to the whole community. However, it does not determine the validity of Michael's claim.

### B.

The Court must examine the underlying basis of Michael's claim. *Matter of Ford,* 967 F.2d at 1049-50. For the reasons that follow, the Court concludes that Michael's proof of claim is not based on his undivided one-half interest in an unresolved community; rather, it is based on his liquidated ownership interest in his one-half of the proceeds from the sale of the former community home pursuant to the state court consent judgment. The Bankruptcy Court erred when it reduced the claim by one-half. The correct amount of the claim is $12,165.99 under the terms of the consent judgment partitioning the former community residence by private sale.

### i.

 "After termination of the community property regime, the interests of the former spouses in anything held in indivision are treated as co-ownership and provisions of law governing co-ownership apply unless there is contrary provision of law or juridical act." *Frazier v. Harper,* 600 So.2d 59, 61 (La.1992), *citing* La.C.C. Art. 2396.1 (1990) and Comment thereto. Property co-owned in indivision may be partitioned by agreement of all the co-owners. La.C.C. Art. 809 (1993). When the thing held in indivision is not susceptible to partition in kind, the court shall decree a partition by licitation or by private sale and the proceeds shall be distributed to the co-owners in proportion to their shares. La.C.C. Art. 811 (1993).

 In this case, the parties entered into a consent judgment partitioning the proceeds from the private sale of the former community home. A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss; it is a determination of the rights of the parties and acquires the authority of the thing adjudged. *McLain v. McLain,* 486 So.2d 1044, 1046 (La.App. 2 Cir.1986) (citations omitted); La.C.C. Arts. 3071, 3078 (1993).

In the *McLain* case, after trial on a rule for alimony pendente lite, a judgment was rendered awarding alimony pendente lite and further providing "by further reason of the agreement of the parites [sic] hereto" that certain named assets of the community, including the family home and furniture, be divided between the parties as specified and agreed to in the judgment. *Id.* at 1045. Four years later, the husband filed a petition for the partition and accounting of community property alleging that the community between the parties had not been partitioned. The appellate court affirmed the trial court's decision sustaining the defendant's peremptory exception of res judicata. The court noted that the agreement that formed the basis of the prior judgment:

> was apparently agreed upon by the mutual consent of the parties and recited in open court without objection. Therefore, this agreement formed and recited by the parties and approved and acknowledged by the court constituted a valid and enforceable portion of the judgment. . . . . *Plaintiff's action for an accounting and for partition of any community property not listed in the previous judgment remains viable and pending.*

*Id.* at 1047 (emphasis supplied).

In *Walton v. Walton,* 597 So.2d 479 (La. App. 1 Cir.1992), after a trial on the wife's petition for divorce, the parties entered stipulations into the record that the divorce would be granted, and agreed that the community home be conveyed to Mrs. Walton pursuant to her payment to Mr. Walton of the sum of $10,000 for his interest, to be paid within 45 days. Mr. Walton subsequently refused to sign the stipulated judgment, and refused to execute the documents necessary to convey the family home to Mrs. Walton. At the conclusion of a hearing on Mrs. Walton's rule for contempt, the court signed a written judgment in accordance with the stipulations previously entered.

Mr. Walton appealed the court's denial of his motion for a new trial. The appellate court held that while the trial court did not partition the community, the parties entered

into a binding agreement in the nature of transaction and compromise among themselves to partition the property. *Id.* at 483. The court noted that a compromise confected in open court and reduced to a consent judgment was binding upon the spouses, and confers upon each of them the right to the judicial enforcement of its performance. *Id.* (citing *Adams v. Adams,* 529 So.2d 877 (La. App. 4 Cir.1988), *writ denied,* 533 So.2d 363 (La.1988)).

### ii.

By its express terms, the consent judgment between Michael and Janine partitioned the proceeds of the sale of the former community residence, even though it did not purport to partition the entire community. Janine did not rebut the existence or terms of the consent judgment, and there is no evidence that she appealed or contested the consent judgment. It is binding between the parties and enforceable as a partition of a particular portion of community property.

Michael's proof of claim is based on a liquidated and enforceable ownership interest in his one-half share of the proceeds from the sale of the former community home, acquired three months before Janine filed for bankruptcy. It is a community claim against the bankruptcy estate.[7] Janine has no ownership interest in his one-half share of the proceeds from the sale; her ownership interest is only in her $1,000 residual share of the proceeds from the sale. The Bankruptcy Court erred in reducing Michael's claim to $6,583.00; the correct amount of his claim is $12,165.99.

### V.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that the Bankruptcy Court's order be and is hereby **AFFIRMED** to the extent that it recognizes claimant Michael Barbot's claim as a valid community claim against the bankruptcy estate, and

---

7. The Bankruptcy Code defines a "community claim" as a "claim that arose before the commencement of the case concerning the debtor for which property of the kind specified in section 541(a)(2) of the title is liable, whether or not there is any such property at the time of the commencement of the case". 11 U.S.C. § 101(7).

**MODIFIED** to the extent that the amount of the claim is increased to $12,156.99.