441 So.2d 353 (1983)
Gertrud Eberhardt McDANIEL
v.
Beach McDANIEL.
No. 83-CA-422.
Court of Appeal of Louisiana, Fifth Circuit.
November 9, 1983.
Rehearing Denied December 19, 1983.
Writ Denied February 27, 1984.
Frank P. Tranchina, Jr., Law Office of Guy W. Olano, Jr., Kenner, for Gertrud Eberhardt McDaniel, plaintiff-appellant.
A.D. Freeman of Satterlee, Mestayer & Freeman, New Orleans, Don Almerico, Destrehan, for Beach McDaniel, defendant-appellee.
Before BOUTALL, CHEHARDY and BOWES, JJ.
*354 BOUTALL, Judge.
This case concerns a former wife's action to rescind a community property settlement on the grounds of lesion. The trial court sustained the former husband's peremptory exception of res judicata and the former wife has appealed. We reverse and remand.
Appellant Gertrud E. McDaniel (hereinafter Mrs. McDaniel) and appellee Beach McDaniel were divorced by Arkansas decree in October 1976. The parties entered into a community property settlement in July of 1977. Mrs. McDaniel, who was working as a paralegal at the time, drew up the settlement from a form in Woodward's Notarial Manual. In the settlement, Mrs. McDaniel sold to Mr. McDaniel her interest in the community home in consideration of which he transferred to her the ownership of one of the community cars, a 1974 Cadillac. In further consideration it was agreed that Mr. McDaniel would pay Mrs. McDaniel the sum of $48,700 and that she would transfer her ½ interest in the community business, McDaniel Controls, Inc., when that sum was paid in full. Appellant testified in her deposition that appellee was adamant about their not consulting an attorney to handle the settlement. In addition, she testified that the sum which she was to receive had been unilaterally decided by her former husband.
McDaniel Controls, Inc. is a distributorship for pressure gauges which are used in the oil industry. Appellant and appellee started the business in 1971, with Mrs. McDaniel travelling to Germany to negotiate with a firm there which holds patents on the pressure gauges. Mrs. McDaniel also set up the corporate books and performed the bookkeeping and day to day internal management of the business prior to the couple's separation. She continued to work on the company's behalf until as late as 1978.
Mrs. McDaniel's deposition reflects that after the July 1977 settlement was reached, the parties were still not in agreement about the amounts which Mrs. McDaniel had been paid, and whether a part of the sum was remuneration for services to the corporation or was instead to be counted as payment on the community settlement.
Mrs. McDaniel testified in her deposition that she was eager to get the balance of her money from the settlement. On November 17, 1979, Mrs. McDaniel signed an acknowledgment that she had received the total $47,800.00, and thereby conveyed her stock to Mr. McDaniel. The only difference between the terms of this act and the July 1977 act is the substitution of a used automobile for the $5,300.00 remaining due Mrs. McDaniel. Her former husband valued the car at $8,532.00, and she was forced to pay him the difference: some $3200.00.
The controlling issue in this case is whether the November 1979 acknowledgment acts as a compromise within the meaning of La.C.C. art. 1403, thus barring any subsequent action for rescission on the grounds of res judicata. We hold that the November 1979 act is not a compromise within the meaning of art. 1403, which provides:
Art. 1403. Rescission inadmissible after compromise
But, after the partition, or the act operating the same effect, the action of rescission can no longer be admitted against a compromise made to put an end to disputes arising in consequence of the first act, although there should be no suit commenced on the subject.
The July, 1977 agreement was only a partial settlement which bound the parties to a future payment of price and transfer of stock. Our scrutiny of the November 1979 act reveals that it is merely an acknowledgment by Mrs. McDaniel of the payment of the price contemplated in the original settlement, and her conveyance to her former husband of the company stock in accordance with her obligation imposed therein. We find no additional consideration to Mrs. McDaniel for entering into this acknowledgment. See Burns v. Fernandez, 401 So.2d 1033 (La.App. 4th Cir.1981). It is not a compromise after the partition which *355 would bar the action of rescission, but is a part of the partition itself.
While much has been made of appellant's business acumen both at the trial of the exception and on appeal, it is not pertinent to the issue before us. The law allows a party who has voluntarily entered into a partition to rescind that partition on the grounds of lesion beyond ¼[1] if the challenging party has not, prior to suit, entered into a compromise of the existing disputes. La.C.C. arts. 1861,1403. In this case, appellant has made no compromise agreement which bars her right to bring this rescission action.
We hold only that the exception of res judicata was improperly sustained in this case. We express no opinion on the merits or the other issues raised in argument.
Accordingly, we reverse the judgment appealed and overrule the exception of res judicata, and we remand for further proceedings.
NOTES
[1] See Joy v. Joy, 379 So.2d 816 (La.App. 4th Cir.1980).