442 So.2d 1211 (1983)
Edward J. ZERINGUE
v.
Sharon Lancaster ZERINGUE
No. 83-CA-445.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1983.
Writ Denied February 27, 1984.
*1212 Emile R. St. Pierre, Destrehan, for plaintiff-appellant.
Steven F. Griffith, Sr., Destrehan, for defendant-appellee.
Before BOUTALL, CHEHARDY and GAUDIN, JJ.
CHEHARDY, Judge.
Edward J. Zeringue appeals from a judgment dismissing his suit to rescind the community property partition between him and his former wife, Sharon Lancaster Zeringue (now Mrs. Sharon Lancaster Banas).
The Zeringues were divorced on August 8, 1979. On October 31, 1979 they entered into a community property settlement agreement. Pursuant to that agreement, Mrs. Zeringue received a lot in Luling Heights Subdivision in St. Charles Parish, together with an automobile and certain other movable property; Mr. Zeringue received a lot in Coronado Park West subdivision in St. Charles Parish, various movables, Mrs. Zeringue's interests in certain Monsanto pension and savings plans, and a $10,000 mortgage note from Mrs. Zeringue for his interest in the Luling lot.
The parties filed a joint "Motion to Homologate" their community property settlement agreement in the record of their divorce proceedings. On November 5, 1979 the district court signed an order approving and homologating the community property settlement "on the grounds that the same is fair and equitable." The record reflects that both parties were represented by counsel.
On June 2, 1982, Mr. Zeringue filed suit for rescission of the partition, alleging he had suffered lesion beyond moiety. Basing his action on LSA-C.C. arts. 1397, 1398 and 1861, he averred "the difference of values of properties received by petitioner and defendant amounts to more than one-half the values of same to the prejudice of petitioner."
The former Mrs. Zeringue, now known as Mrs. Banas, filed an answer in proper person, alleging that by language specifically incorporated into the community property settlement document, the parties had declared they were receiving their fair share of the community property, and further had waived any and all accounting from each other and relieved each other from any liability for such accounting. She asserted that the document had been notarized *1213 and the settlement then homologated by the court.
Subsequently Mrs. Banas retained counsel, who filed on her behalf peremptory exceptions of no right or cause of action and res judicata, and also a motion for summary judgment. On March 2, 1983, the district court rendered judgment dismissing the exception of no right of action, maintaining the exceptions of no cause of action and res judicata, and granting the motion for summary judgment, thus dismissing Mr. Zeringue's suit. From this judgment Mr. Zeringue has appealed.
In oral reasons for judgment, the trial judge stated,
"Okay, in reference to this particular matter, the exception of no right of action is overruled. Of course the party does have a right of action to proceed. However, in reference to the no cause of action and summary judgment and res judicata, as in the McDaniels' case I had yesterday and for the reasons that this matter has been judged before, there's no issue of fact. There may be an issue of law. With all of the pleadings before me, I'm going to sustain the motion for res judicata, summary judgment, and the exception of no cause of action, and the matter will be dismissed. * * *" Because the crux of the matter is the applicability of res judicata, we will consider that exception first. Mrs. Banas contends, in effect, that all Mr. Zeringue's rights under the partition were concluded by the partition agreement. She argues that once it was homologated by the court and the judgment of homologation became final without appeal, that judgment was res judicata to his subsequent suit for rescission. Her motion for summary judgment relies on the same contentions.
Res judicata is a presumption established by law, defined as the authority which the law attributes to the thing adjudged. LSA-C.C. art. 2285. The authority of the thing adjudged takes place only with respect to what was the object of the judgment. LSA-C.C. art. 2286. Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been affirmed on appeal. LSA-C.C. art. 3556(31).
The Zeringues elected to have their voluntary partition made definitive by homologation into a judgment. No appeal having been taken, that judgment became final long before Mr. Zeringue instituted the present suit for rescission.
Although the articles on rescission of partition allow minors, interdicts or absentees to rescind judicial partitions, no such provision is made for parties not in those categories. See LSA-C.C. arts. 1397-1414. Competent persons who are of age and who appear in the judicial partition have their remedy by appeal of the judgment of partition or by suit to annul that judgment.
Because Mr. Zeringue did not appeal and the judgment homologating the partition is now final, his only remedy is to seek to annul it, under the grounds applicable to annulment of judgments. He may not rescind the partition, however, because it has acquired the authority of a thing adjudged.
Where the facts support a finding of res judicata, a mover is entitled to summary judgment as a matter of law. R.G. Claitor's Realty v. Juban, 391 So.2d 394 (La.1980).
Having reached this conclusion, it is unnecessary for us to address whether Mr. Zeringue's petition stated a cause of action.
In a supplemental brief, appellant cites the case of McDaniel v. McDaniel, 441 So.2d 353, handed down on November 9, 1983. Although the basic situation in McDaniel parallels the situation before usone spouse suing the other to rescind a partition on the ground of lesionthe facts are different. The McDaniel partition was never judicially approved, and therefore was never a judgment. Here, as discussed above, the partition was homologated by the district court, and became a final judgment when the time in which to appeal *1214 elapsed. Accordingly, the McDaniel case is distinguishable.
Considering the foregoing, the judgment of the district court is affirmed. All costs are to be paid by appellant, Edward J. Zeringue.
AFFIRMED.