511 So.2d 102 (1987)
Cynthia Stacey THIBODEAUX, Plaintiff-Respondent,
v.
Ray Allen THIBODEAUX, Defendant-Relator.
No. 87-232.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1987.
*103 Leo J. Lahey, Lafayette, for defendant-relator.
Brinkhaus, Dauzat & Falgoust, Jimmy I. Dauzat, Opelousas, for plaintiff-respondent.
Before LABORDE and YELVERTON, JJ., and CULPEPPER, J. Pro Tem.[*]
LABORDE, Judge.
We granted a writ of certiorari in this case to consider the correctness of the trial court's judgment which overruled relator's exception of res judicata. Upon careful review, we vacate and set aside the trial court's judgment.
The respondent, Cynthia Stacey Thibodeaux, and the relator, Ray Thibodeaux, were married. Mrs. Thibodeaux sought a separation from bed and board and filed suit on June 20, 1983. Without obtaining a final judgment as to the separation, the parties filled a "Joint Petition for Termination of Matrimonial Regime" on October 19, 1983. The joint petition sought to end the matrimonial regime and partition the community property. The petition states that the parties understand the ramifications of their actions, and that a separate property regime is to take the place of the matrimonial regime. An extensive list of movable and immovable property was annexed to the petition designating the party to whom the property belongs.
The trial court's judgment dated October 19,1983 specifically states that the requirements of La.C.C. art. 2329 are complied with, and that the best interests of the petitioners are served by this agreement. The judgment thus gives Court approval to terminate the existing community, to divide it, and to substitute a separate property regime in its stead.
*104 A judgment of divorce was signed on April 19, 1985. Community property was not mentioned in this judgment. Subsequent to this judgment, Mrs. Thibodeaux filed a petition to rescind the community property settlement for lesion. Mr. Thibodeaux responded with the peremptory exception of res judicata. Mr. Thibodeaux now seeks supervisory relief from the trial court judgment overruling his exception of res judicata.

SUPERVISORY RELIEF
The requirement of irreparable injury is met in this case in light of Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). When the overruling of an exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits.

ACTION OF THE TRIAL COURT
In his reasons for judgment, the trial judge considered whether the document partitioning and terminating the parties' community property regime under La.C.C. art. 2329 was a judicial partition. He ruled that the article contemplates "permission" only, not adjudication. Finding no adjudication of the property values, the trial court felt constrained to overrule the exception of res judicata. The trial court, realizing the closeness of the question, urged us to review the decision.

ON THE MERITS
La.C.C. art. 2329 provides in part:
"Spouses may enter into a matrimonial agreement that modifies or terminates a matrimonial regime during marriage only upon joint petition and a finding by the court that this serves their best interests and that they understand the governing principles and rules."
The petition in this case complies with art. 2329. It divides the acquired property of the community, terminates the matrimonial regime, and attempts to establish a separate property regime. The petition was approved by the trial court which had a duty to determine that the petition served the parties' best interests and that the parties understood the governing principles and rules.
Neither party contends that the governing principles and rules were not understood. However, Ms. Thibodeaux contends that she was inadequately compensated in the matrimonial agreement. The Second Circuit has held that when a party contends that he received inadequate or no consideration in a matrimonial agreement, he in effect contends that the partition is invalid because it is not in his best interest. Knighten v. Knighten, 447 So.2d 534 (La. App. 2d Cir.), writ denied, 448 So.2d 1303 (La.1984); Hey I v. Hey I, 445 So.2d 88 (La. App. 2d Cir.), writ denied, 446 So.2d 1228 (La.1984). After examining "Exhibit A" which assigns specific pieces of property to each party, the trial court determined that the petition was in the parties' best interests. We note that both parties were represented by counsel.
We find that the order granting the partition and separation of the community is not a judicial partition, but a consent judgment or transaction or compromise that has been determined by the trial court to be in compliance with La.C.C. art. 2329. See La.C.C. arts. 3071-3083. It is well settled that transactions have, between the parties, a force equal to the authority of things adjudged. They can not be attacked on account of any error in law or any lesion.[1] La.C.C. art. 3078; Zeringue v. *105 Zeringue, 442 So.2d 1211 (La.App. 5th Cir. 1983), writ denied, 445 So.2d 1229 (La. 1984). A consent judgment is a determination of the rights of the parties and acquires the authority of the thing adjudged. McLain v. McLain, 486 So.2d 1044 (La. App. 2d Cir.1986); Townsend v. Townsend, 421 So.2d 969 (La.App. 3d Cir.1982), writ denied, 427 So.2d 1211 (La.1983). The thing adjudged is said of that which has been decided by final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been affirmed on appeal. La.C.C. art. 3556(31); McLain, 486 So.2d at 1046.
Under Louisiana law, relitigation of the object is barred when there is: (1) identity of the thing demanded; (2) identity of the cause of action; and (3) identity of the parties. LSA-R.S. 13:4231; McLain, 486 So.2d at 1046. Here, identity exists among the three requisites.
In the case sub judice, the consent judgment was not appealed and became final. The trial court signed the judgment terminating the petitioners' matrimonial regime and dividing the existing community property between the two parties. Because Ms. Thibodeaux did not appeal and the trial court judgment is now final, her only remedy is to seek to annul the judgment. La.C. C.P. arts. 2001-2006; Zeringue, 442 So.2d at 1213. She may not rescind the partition on the ground of lesion, however, because the partition has acquired the authority of a thing adjudged. The trial court erred in overruling Mr. Thibodeaux's exception of res judicata.
WRIT GRANTED AND MADE PEREMPTORY: The trial court erred in not sustaining Mr. Thibodeaux's peremptory exception of res judicata. The entering into of a property settlement pursuant to La.C.C. art. 2329, which results in a final judgment signed by the trial court, is a judgment that must be appealed or it acquires the authority of the thing adjudged. La.C.C. art. 3556(31); La.C.C. art. 3078; Zeringue, 442 So.2d at 1213; McLain, 486 So.2d at 1046. The trial court's judgment overruling Mr. Thibodeaux's exception of res judicata is thus vacated and set aside. It is now ordered that the trial court sustain Mr. Thibodeaux's exception of res judicata.
NOTES
[*] Hon. William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] One critical fact distinguishes this case from the jurisprudence that allows one spouse the right to sue to rescind a partition on the ground of lesion. See, e.g., McDaniel v. McDaniel, 441 So.2d 353 (La.App. 5th Cir.1983), writ denied, 445 So.2d 1230 (La.1984). In this case, the trial court found that the partition was in the best interest of the petitioners. Thereafter, the trial court approved the settlement. The significance of a judicial determination was relied upon in Zeringue, 442 So.2d at 1213. We reject the notion that "judicial approval amounts to little more than an extra formality." Spaht and Samuel, Equal Management Revisited: 1979 Legislative Modifications of the 1978 Matrimonial Regimes Law, 40 La.L.R. 83, 102 (1979)