| | | |
|---|---|---|
| LADDIES JONES AND NATHANIEL JONES | * | NO. 2020-CA-0247 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| THE CITY OF NEW ORLEANS AND THE LOUISIANA DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2009-02163, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins,
Judge Regina Bartholomew-Woods)

Kevin A. Rieth
GAUDIN & GAUDIN
1088 4th Street
Gretna, LA 70053

COUNSEL FOR PLAINTIFF/APPELLANT

William David Coffey
Paige M. Dominick
Amber Mandina Babin
LOUISIANA ATTORNEY GENERAL'S OFFICE
1450 Poydras Street
Suite 900
New Orleans, LA 70112

Jeff Landry, Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
P. O. Box 94005
Baton Rouge, LA 70804--9005

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**APRIL 14, 2021**

*SCJ*
*RML*
*RBW*

Plaintiffs, Laddies Jones and Nathaniel Jones, appeal the trial court's December 12, 2019 judgment granting the motion to dismiss filed by the State of Louisiana, through the Department of Transportation and Development ("DOTD") and dismissing plaintiffs' suit with prejudice. The trial court dismissed the plaintiffs' suit in accordance with the terms of a consent judgment, entered into by the parties and signed by the trial court on August 8, 2019, which explicitly provided for the dismissal of the suit in the event that plaintiffs failed to provide DOTD with supplemental discovery responses by September 7, 2019. In consideration of the clear terms of the consent judgment, to which plaintiffs voluntarily acquiesced and which has the force of law between the parties, we affirm the trial court's December 12, 2019 judgment.

**FACTS AND PROCEDURAL BACKGROUND**

The instant suit arises out of a single car accident that occurred on February 28, 2008. On that date, plaintiffs, Laddies Jones and Nathaniel Jones, were the driver and passenger of a 1999 Ford van travelling west along Chef Menteur Highway. As plaintiffs approached the Chef Pass swing bridge, the bridge guard rail lowered suddenly and struck their vehicle. On February 27, 2009, plaintiffs filed the instant suit against DOTD alleging acts of negligence in its care and custody of the bridge and vicarious liability for the negligent acts of the bridge operator employee.[1]

On July 15, 2010, DOTD propounded interrogatories and requests for production of documents on plaintiffs, who provided responses on September 28, 2011. On May 8, 2017, DOTD sent plaintiffs a letter requesting supplemental discovery responses, to which plaintiffs did not respond. On April 11, 2019, counsel for both parties conducted a Rule 10.1 conference during which plaintiffs' counsel agreed to provide the requested supplemental discovery by May 13, 2019. When plaintiffs again failed to provide the responses, DOTD sent a letter on June 6, 2019, requesting a second Rule 10.1 conference, but plaintiffs' counsel did not respond to that request.

On June 21, 2019, DOTD filed a motion to compel the supplemental discovery responses. The trial court set a show cause hearing on DOTD's motion

---

[1] Plaintiffs also named the City of New Orleans as a defendant in their petition; subsequently, plaintiffs consented to the dismissal of their claims against the City while reserving their rights and claims against DOTD. On January 19, 2010, the trial court dismissed with prejudice plaintiffs' claims against the City.

for August 8, 2019. Prior to the hearing, counsel for both parties entered into and signed a consent judgment and order. The express terms of the consent judgment granted DOTD's motion to compel and required plaintiffs to provide the requested supplemental discovery within thirty days under penalty of dismissal with prejudice of all of plaintiffs' claims against DOTD at plaintiffs' cost. On August 8, 2019, the trial court approved and signed the parties' consent judgment and order.

By the terms of the consent judgment, plaintiffs were required to provide DOTD with the supplemental discovery responses by September 7, 2019. By that date, plaintiffs neither provided the required responses nor requested an extension of time to provide the responses.

On September 25, 2019, DOTD filed a motion to dismiss for failure to comply with the consent judgment. The trial court set a show cause hearing for November 7, 2019. Prior to the hearing, on October 24, 2019, plaintiffs provided the supplemental discovery responses to DOTD.

At the November 7, 2019 hearing, the trial court heard arguments from counsel for both parties and granted the motion to dismiss. The trial court's December 12, 2019 judgment granted DOTD's motion to dismiss with prejudice all of plaintiffs' claims for failure to comply with the August 8, 2019 consent judgment.

Plaintiffs now appeal the trial court's December 12, 2019 judgment.

## DISCUSSION

### *Standard of Review*

An appellate court generally reviews a trial court judgment granting a motion to dismiss under the abuse of discretion standard. *Cantuba v. American Bureau of Shipping*, 08-0497, p. 2 (La. App. 4 Cir. 6/3/09), 31 So.3d 397, 399.

### *Assignment of Error*

Plaintiffs argue that the trial court erred by imposing the harshest penalty for failure to comply with a discovery order and dismissing the suit with prejudice. Plaintiffs assert that dismissal for failure to comply with discovery is reserved for only the most culpable conduct, but that the record of this case lacks any "damning circumstances" or evidence that the individual plaintiffs had any knowledge of the motion to compel, the consent judgment, or the harsh penalty for failure to comply.

However, plaintiffs' argument fails to acknowledge the distinction between a sanction imposed for failure to comply with court-ordered discovery, pursuant to La. C.C.P. art. 1471, and the trial court's enforcement of a valid consent judgment whereby a party voluntarily enters into a contract obligating itself to comply with a discovery order. As discussed below, Louisiana law recognizes the trial court's discretion in imposing a sanction for failure to comply with discovery orders; but, when the parties voluntarily negotiate and sign a consent judgment, Louisiana law recognizes that as the law between the parties, and the trial court's enforcement of a consent judgment must follow the intent of the parties based upon the explicit words of the contract.

4

A consent judgment is "a bilateral contract wherein parties adjust their differences by mutual consent." *Burrell v. UMC*, 19-1095, 19-0423, p. 5 (La. App. 4 Cir. 6/10/20), 302 So.3d 93, 96 (citations omitted). "[T]hrough concessions made by one or more of them," the parties enter into a contract to "settle a dispute or an uncertainty concerning an obligation." La. C.C. art. 3701. The consent judgment that results from the mutual consent of the parties "is and should be accorded sanctity under the law." *Plaquemines Parish Gov't v. Getty Oil Co.*, 95-2452, p. 6 (La. 5/21/96), 673 So.2d 1002, 1006. "A consent judgment has the binding force from the presumed voluntary acquiescence of the parties, not from adjudication by the court." *Burrell*, 19-1095, p. 4, 302 So.3d at 96 (quoting *Succession of Simmons*, 527 So.2d 323, 325 (La. App. 4th Cir. 1988)).

When reviewing and interpreting a consent judgment, this Court applies the basic principles of contract interpretation, which begins with the determination of the common intent of the parties in forming the contract. La. C.C. art. 2045. The reasonable intention of the parties to the contract is sought by examining the words of the contract itself. *Prejean v. Guillory*, 10-0740, pp. 6-7 (La. 7/2/10), 38 So.3d 274, 279. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046.

With these principles in mind, we examine the provisions of the consent judgment at issue. The consent judgment explicitly outlines that the parties agree to the following:

- The Motion to Compel should be granted pursuant to La. C.C.P. arts. 1442 and 1428(3).[2]

- Both individual plaintiffs will provide DOTD with complete supplemental responses to DOTD's Interrogatories and Requests for Production of Documents, in accordance with the DOTD's prior requests and the Motion to Compel, and, specifically, both plaintiffs will provide updated medical authorization forms, signed by the plaintiffs in the year 2019.

- Thirty (30) days from the signing of the consent judgment constitutes sufficient additional time for plaintiffs to provide the supplemental discovery responses.

- If plaintiffs fail to provide complete and full supplemental discovery responses as agreed upon, all of plaintiffs' claims against DOTD will be dismissed with prejudice and at plaintiffs' cost.

In accordance with the consent judgment outlined, the judgment then explicitly states the orders to comply with the agreement, which is signed by the trial court and counsel for plaintiffs and DOTD.

Upon review of the consent judgment, we find the wording agreed to by the parties clear and unambiguous. Moreover, at the November 7, 2019 hearing on DOTD's motion to dismiss, plaintiffs' counsel did not argue or contest that all

---

[2] La. C.C.P. art. 1442 provides for the deposition of an organization, as follows:

A party may in his notice name as the deponent a public or private corporation or a partnership or association or governmental agency and designate with reasonable particularity the matters on which examination is requested. The organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which he will testify. The persons so designated shall testify as to matters known or reasonably known or reasonably available to the organization. This Article does not preclude taking a deposition by any other procedure authorized in this Chapter.

La. C.C.P. art. 1428(3) provides, in pertinent part, as follows:

A party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement his response to include information thereafter acquired, except as follows:
(3) A duty to supplement responses may be imposed by order of the court, agreement of the parties, or at any time prior to trial through new requests for supplementation of prior responses.

terms of the consent judgment were agreed to knowingly and voluntarily or that plaintiffs failed to comply with those terms.

Plaintiffs argue, however, that the agreement was entered in good faith by plaintiffs' counsel, that the record does not contain any evidence that the noncompliance was attributable to the individual plaintiffs' fault, or that the individual plaintiffs were aware of the pending deadline or the penalty to be imposed for failure to meet that deadline.[3] In support of their argument, plaintiffs cite Louisiana jurisprudence holding that dismissal of a case as a sanction for failure to comply with discovery orders, pursuant to La. C.C.P. art. 1471, is "generally reserved for those cases in which the client, as well as the attorney, is at fault." *Horton v. McCary*, 93-2315 (La. 4/11/94), 635 So.2d 199, 203; *see also Columbia Homestead Ass'n. v. Arnoult*, 615 So.2d 1 (La. App. 4th Cir. 1992) ("If the record does not contain evidence that the noncompliance was attributable to the party's fault, the court has abused the wide discretion afforded it by La. C.C.P. art. 1471.").

The jurisprudence cited by plaintiffs involves sanctions imposed by the trial court pursuant to La. C.C.P. art. 1471 for failure to comply with court-ordered discovery. In this case, however, plaintiffs failed to comply with the agreed-upon terms of their consent judgment, which explicitly bound them to the dismissal of

---

[3] At the November 7, 2019 hearing on the Motion to Dismiss, plaintiffs' counsel offered as his reason for noncompliance that his clients were difficult to contact, stating that one of the plaintiffs, Laddies Jones, lives in South Carolina without a cell phone, without an answering machine for his land line phone, and without a fax machine or e-mail. Plaintiffs' counsel did not offer an explanation for the noncompliance by Nathaniel Jones. Furthermore, plaintiffs' counsel did not explain his failure to contact opposing counsel regarding his difficulty in meeting the deadline or to request an extension of time.

their claims in the event of noncompliance.[4]  Noting this important distinction at

the hearing on the Motion to Dismiss, the trial court stated as follows:

> It would be harsh [as a sanction] if it was my ruling.  If it was
> something that I ruled on, it would be harsh, not when two people
> enter an agreement and consent to it.

> Now the next [case] comes up.  Let's say we have a case where they
> agree to pay the person $350,000.  They stand in front of me and say,
> Judge, [w]e consent to that.  And then later on they come back, 10
> days later, 30 days, and say, Judge, we're not giving her no [sic]
> $350,000.

> You agreed to it.  It's not like I did it, you did it.

> Your remedy was that if I don't do it in 30 days, we can dismiss this
> case.

> As recognized by the trial court, Louisiana law draws a distinction between

a) the trial court's authority and discretion to issue orders and impose sanctions;

and b) the parties' voluntary acquiescence to a consent judgment in which the

---

[4] Other than the statements offered by plaintiffs' counsel at the hearing on the motion to dismiss, we acknowledge that the record does not indicate whether the individual plaintiffs were aware of the terms of the consent judgment, particularly the penalty for noncompliance.  While we take no position on the professional conduct of plaintiffs' counsel in this case, we find the following Rules of Professional Conduct are implicated when counsel raises an argument before the court that the clients were unaware of actions taken on their behalf.

Rule 1.4, Rules of Professional Conduct, provides in pertinent part as follows:
    (a)  A lawyer shall:

        1)  Promptly inform the client of any decision or circumstance with respect to
        which the client's informed consent, as defined by Rule 1.0(e), is required
        by these Rules;
                        *  *  *
        3) keep the client reasonably informed about the status of the matter;
    (b)  The lawyer shall give the client sufficient information to participate
    intelligently in decisions concerning the objectives of the representation and the
    means by which they are to be pursued.

Rule 1.0(e) provides:

> "Informed consent" denotes the agreement by a person to a proposed course of
> conduct after the lawyer has communicated adequate information and explanation
> about the material risks and reasonably available alternatives to the proposed
> course of conduct.

parties obligate themselves to compliance and agree to penalties for noncompliance. *See Burrell*, 19-1095, p. 6, 302 So.3d at 97 ("plaintiffs entered into a consent judgment binding themselves to dismissal of their own action when conditions failed to be met."). "Louisiana law gives consent judgments the authority of law: 'A consent judgment is a determination of the rights of the parties and acquires the authority of the thing adjudged.'" *Katner v. Katner*, 09-0974, p. 3 (La. App. 4 Cir. 12/23/09), 28 So.3d 566, 570 (quoting *Thibodeaux v. Thibodeaux*, 511 So.2d 102, 104-05 (La. App. 3rd Cir. 1987)).

Consequently, upon review of the clear terms of the consent judgment, and in light of applicable Louisiana law, we find no abuse of discretion in the trial court's judgment granting DOTD's motion to dismiss and dismissing plaintiffs' claims against DOTD with prejudice.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's December 12, 2019 judgment dismissing plaintiffs' claims against DOTD with prejudice.

**AFFIRMED**